ACCEPTED
14-15-00449-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 10:25:30 AM
CHRISTOPHER PRINE
CLERK

No. 14-15-00449-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 10:25:30 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,

APPELLANT,

V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,

APPELLEES.

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

## APPELLANT'S BRIEF

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for
Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

S. RONALD KEISTER
Assistant Attorney General
Attorney-In-Charge
State Bar Number 11185300

Tort Litigation Division
P.O. Box 12548, MC-030
Austin, Texas 78711-2548
TEL: (512) 463-2197
FAX: (512) 457-4435
ronny.keister@texasattorneygeneral.gov
COUNSEL FOR APPELLANT

**ORAL ARGUMENT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT / DEFENDANT:**

1.      The University of Texas Medical Branch at Galveston

2.      Attorney of Record:

   S. Ronald Keister
   Assistant Attorney General
   Attorney-In-Charge
   Tort Litigation Division
   P.O. Box 12548
   Austin, Texas 78711-2548
   Tel:  (512) 463-2197
   Fax: (512) 457-4435
   E-Mail:  ronny.keister@texasattorneygeneral.gov

**APPELLEES / PLAINTIFFS:**

1.      Carolyn Callas, Individually and as the Representative of the Estate of Gerald Callas;

2.      Ray Callas, Individually and as the Representative of the Estate of Gerald Callas;

3.      Jamie Callas, Individually and as the Representative of the Estate of Gerald Callas.

4.      Attorney of Record:

   Brian D. Sutton
   Sutton & Jacobs, LLP
   Attorneys and Counselors at Law
   850 Park Street
   Beaumont, Texas 77701
   Tel:  (409) 833-1100
   Fax:  (409) 833-0711
   E-Mail:  brians@sutton-jacobs.com

**TRIAL COURT JUDGE:**

Judge Patricia Grady, Presiding
212th Judicial District Court
600 59th Street, Suite 4204
Galveston, Texas 77551-4198

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.......................................................... ii

TABLE OF CONTENTS ...................................................................................iv

INDEX OF AUTHORITIES............................................................................ vi

STATEMENT OF THE CASE ........................................................................ xii

REQUEST FOR ORAL ARGUMENT ............................................................xiv

ISSUES PRESENTED .....................................................................................xv

APPELLANT'S BRIEF ......................................................................................1

STATEMENT OF FACTS..................................................................................2

SUMMARY OF THE ARGUMENT....................................................................6

ARGUMENT .....................................................................................................8

**ISSUE ONE**

THE TRIAL COURT ERRED IN FAILING TO DISMISS THIS CAUSE OF ACTION PURSUANT TO SECTION 74.351(b) OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE AS THE APPELLEES FAILED TO COMPLETE SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WITHIN 120 DAYS OF THE FILING OF APPELLANT'S ORIGINAL ANSWER: ..................................................................................................8

A)   APPELLEES' EXPERT REPORT AND CURRICULUM VITAE WERE DUE ON OR BEFORE JANUARY 31, 2015; HOWEVER, SERVICE OF THE EXPERT REPORT WAS NOT COMPLETED, IF AT ALL, UNTIL FEBRUARY 12, 2015;............................................14

B)   APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WAS NOT PROPER AS ELECTRONIC SERVICE WAS MANDATED BY RULE 21a(a)(1), TRCP; .......................................................................................20

C)     APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE ON SATURDAY, JANUARY 31, 2015, AT 6:27 P.M., IF IT HAD BEEN COMPLETED, WOULD HAVE BEEN DEEMED SERVED ON FEBRUARY 2, 2015; ..........24

D)     RULE 4, TRCP, DID NOT EXTEND THE APPELLEES' SERVICE DEADLINE TO MONDAY, FEBRUARY 2, 2015, AS THE TEXAS SUPREME COURT HAS MANDATED "STRICT COMPLIANCE" WITH THE 120 DAY SERVICE REQUIREMENT OF SECTION 74.351(a); AND, IF RULE 4 DOES APPLY, THE CASE STILL MUST BE DISMISSED AS PROPER SERVICE WAS NOT COMPLETED ON OR BEFORE FEBRUARY 2, 2015. ...............................................32


PRAYER FOR RELIEF ........................................................................36

CERTIFICATE OF COMPLIANCE ....................................................38

CERTIFICATE OF SERVICE ..............................................................39

APPENDIX ........................................................................................40

A)     ORDER DENYING THE UNVIERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO TIMELY SERVE AN EXPERT REPORT PURSUANT TO SECTION 74.351 OF THE CIVIL PRACTICE AND REMEDIES CODE

B)     APPROVAL OF AMENDED LOCAL RULES FOR THE COUNTY COURTS AT LAW AND DISTRICT COURTS OF GALVESTON COUNTY

# INDEX OF AUTHORITIES

**CASES**

*Approximately $14,980.00 v. The State of Texas*,
261 S.W. 3d 182 (Tex. App.-Houston [14th Dist.] 2008, no petition) ...........28, 33

*Approximately $15,589.00 v. The State of Texas,*
230 S.W. 3d 871 (Tex. App.-Houston [14th Dist.] 2007, no petition) .................28

*Ashley Forest Apartments v. Almy*,
762 S.W. 2d 293 (Tex. App.-Houston [14th Dist.] 1988, no petition) ................12

*Ashworth v. Brzoska*,
274 S.W.3d 324 (Tex. App.-Houston [14th Dist.] 2008, no petition) .................21

*Badiga v. Lopez*,
274 S.W. 3d 681 (Tex. 2009).........................................................................9, 33

*Barding v. Texas Department of Criminal Justice, Pardons and Paroles*
*Division,* 1998 WL 765109 (Tex. App.-Austin 1998, no petition)......................29

*Board of Regents of The University of Houston System v. FKM Partnership, Ltd.,*
178 S.W. 3d 1 (Tex. App.-Houston [14th Dist.] 2005, aff'd)...............................11

*Bullock v. National Banc Shares Corporation*,
584 S.W. 2d 268 (Tex. 1979).........................................................................35

*Carpinteyro v. Gomez*,
403 S.W. 3d 508 (Tex. App.-San Antonio 2013, pet. denied)......................32, 33

*Christus Spohn Health System Corporation v. Lopez*,
2014 WL 3542094 (Tex. App.-Corpus Christi 2014, no petition).................32, 33

*Cohen v. Strake*,
743 S.W. 2d 366 (Tex. App.-Houston [14th Dist.] 1988, no writ)......................35

*DeLaney v. Fidelity Lease Limited*,
526 S.W. 2d 543 (Tex. 1975).........................................................................10

*Eikenhorst v. Wellbrock*,
2008 WL 2339735 (Tex. App.-Houston [1st Dist.] 2008, no petition) ...............32

*Ex Parte Reed,*
343 S.W. 3d 306 (Tex. App.-Houston [14th Dist.] 2011, no petition) ................10

*Granderson v. Ross*,
2004 WL 582570 (Tex. App.-Houston [14th Dist.] 2004, no petition) ..........19, 24

*H.E.Y. Trust v. Popcorn Express Co., Inc.*,
35 S.W. 3d 55 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) .....................11

*Henry S. Miller Company v. TREO Enterprises*,
585 S.W. 2d 674 (Tex. 1979)...................................................................10, 34

*In Re Tasso Triantaphyllis*,
68 S.W. 3d 861 (Tex. App.-Houston [14th Dist.] 2002)................................10, 11

*In Re Estate of Earle Stanton*,
2006 WL 343907 (Tex. App.-Tyler 2006, pet. denied) .......................................29

*Insurance Company of the State of Pennsylvania v. LeJeune*,
297 S.W. 3d 254 (Tex. 2009) ...........................................................................10

*Jacobs v. Jacobs,* 448 S.W. 3d 626
(Tex. App.-Houston [14th Dist.] 2014, no petition) ...........................10, 12, 19, 24

*Mahon v. Haddad*,
783 S.W. 2d 769 (Tex.- App.-Fort Worth 1990, no writ)...................................35

*Mansell v. Insurance Company of the West,*
203 S.W. 3d 499 (Tex. App.-Houston [14th Dist.] 2006, no petition) .....11, 12, 34

*Mathis v. Lockwood*,
166 S.W.3d 743 (Tex. 2005).............................................................................21

*Mayad v. Rizk,*
554 S.W. 2d 835 (Tex. App.-Houston [14th Dist.] 1977, writ refused n.r.e.)......29

*Mustang Tractor & Equipment Co. v. Hartford Accident and Indemnity Co.,*
263 S.W. 3d 437 (Tex. App.-Austin 2008, pet. denied) ......................................33

*Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W. 3d 716
(Tex. App.- Houston [14th Dist.] 2011, no petition) ................9, 11, 19, 24, 25, 26

*Ogletree v. Matthews,*
262 S.W. 3d 316 (Tex. 2007).............................................................................9

*Painter v. Shaner,*
667 S.W. 2d 123 (Tex. 1984)............................................................................34

*Payne v. Payne,*
2006 WL 2827365 (Tex. App.-Houston [14th Dist.] 2006, no petition)........12, 34

*Regis v. Harris County Hospital District,*
208 S.W. 3d 64 (Tex. App.- Houston [14th Dist.] 2006, no petition) ...................9

*Rivenes v. Holder,*
257 S.W.3d 332 (Tex. App.- Houston [14th Dist.] 2008, pet. denied).............9, 14

*Security Pacific Corporation v. Lupo,*
808 S.W. 2d 126 (Tex. App.-Houston [14th Dist.] 1991, writ denied) ................35

*Southwestern Bell Telephone v. Emmett,*
459 S.W. 3d 578 (Tex. 2015)............................................................................34

*Texas Department of Aging and Disability Services v. Mersch,*
418 S.W. 3d 736 (Tex. App.-Houston [1st Dist.] 2013, no petition)....................30

*Texas Department of Public Safety v. Graham,*
2013 WL 5760693 (Tex. App. – Houston [14th Dist.] 2013, no petition) ...........11

*Texas Rice Land Partners v. Denbury Green Pipe Line,*
363 S.W. 3d 192 (Tex. 2012).......................................................................10, 34

*The City of Houston v. Jackson,*
192 S.W. 3d 764 (Tex. 2006)............................................................................35

*The State of Texas v. Bristol Hotel Asset Company*,
65 S.W. 3d 638 (Tex. 2001) ................................................................10

*Verges v. Lomas & Nettleton Financial Corporation,*
642 S.W. 2d 820 (Tex. App.-Dallas 1982, no writ) ...............................................35

*Wallace v. Howell,*
707 S.W. 2d 876 (Tex. 1986) ...............................................................34

*Wilson v. Dunn*,
800 S.W. 2d 833 (Tex. 1991) ...............................................................10

*Woods v. Powell,*
1989 WL 82202 (Tex. App.-Houston [14th Dist.] 1989, no petition) ..................29

*Wooley v. Schaffer,*
447 S.W.3d 71 (Tex. App.-Houston [14th Dist.] 2014, pet. denied) ....................14

*Zanchi v. Lane,*
408 S.W. 3d 373 (Tex. 2013) ....................................................8, 14, 33

## STATUTES

V.T.C.A., Civil Practice & Remedies Code § 51.014(a)(9) ............................. 2

V.T.C.A., Civil Practice & Remedies Code § 74.002(a) ................................. 33

V.T.C.A., Civil Practice & Remedies Code § 74.351 .................. 1, 3, 14, 15, 37

V.T.C.A., Civil Practice & Remedies Code § 74.351(a) ....................................
...................................................xv, 2, 6, 7, 8, 11, 13, 15, 22, 24, 32, 33, 34, 35, 36

V.T.C.A., Civil Practice & Remedies Code § 74.351(b)........................xii, xv, 8

V.T.C.A., Civil Practice & Remedies Code § 74.351(c) ................................. 33

V.T.C.A., Government Code § 311.014 ..........................................32, 33, 34, 36

# RULES

Amended Local Rules of the District Courts for Galveston County, Texas, Rule 12.2.1 (h)...................................................................................29

Amended Local Rules of the District Courts for Galveston County, Texas, Rule 12.2.1 (j)....................................................................................29

Amended Local Rules of the District Courts for Galveston County, Texas, Rule 12.5.2 .....................................................................................29

Amended Local Rules of the District Courts for Galveston County, Texas, Rule 12.5.4 ...............................................................................22, 30

Amended Local Rules of the District Courts for Galveston County, Texas, Rule 12.5.4 (b)................................................................................31

Rule 9.4(i)(1), Texas Rules of Appellate Procedure...............................................38

Rule 9.4(i)(2)(B), Texas Rules of Appellate Procedure.........................................38

Rule 9.4(i)(3), Texas Rules of Appellate Procedure...............................................38

Rule 39, Texas Rules of Appellate Procedure ......................................................xiv

Rule 1, Texas Rules of Civil Procedure ...............................................................33

Rule 3a, Texas Rules of Civil Procedure .......................................................27, 28

Rule 4, Texas Rules of Civil Procedure.................................xv, 7, 32, 33, 34, 36

Rule 16, Texas Rules of Civil Procedure ............................................................10

Rule 21, Texas Rules of Civil Procedure .............................................................23

Rule 21a, Texas Rules of Civil Procedure ...............................................................
................................................................ 6, 11, 12, 13, 14, 19, 23, 24, 25, 27, 29

Rule 21a(a), Texas Rules of Civil Procedure.......................................................23

Rule 21a(a)(1), Texas Rules of Civil Procedure ......... xv, 7, 20, 21, 22, 23, 24, 25

Rule 21a(a)(2), Texas Rules of Civil Procedure .....................................22, 25, 26

Rule 21a(b), Texas Rules of Civil Procedure ................................................26, 29

Rule 21a(b)(2), Texas Rules of Civil Procedure................................................26

Rule 21(f), Texas Rules of Civil Procedure .............................................19, 21, 23

Rule 105, Texas Rules of Civil Procedure .........................................................10

Rule 106, Texas Rules of Civil Procedure .........................................................12

Rule 106(b), Texas Rules of Civil Procedure .....................................................10

Rule 501.4, Texas Rules of Civil Procedure.................................................26, 27

501.4(4), Texas Rules of Civil Procedure Rule .................................................27

Rule 663, Texas Rules of Civil Procedure .........................................................10

Rule 663a, Texas Rules of Civil Procedure .......................................................13

# STATEMENT OF THE CASE

**NATURE OF THE CASE:** This is a suit for damages arising from alleged healthcare liability claims. [C.R. 23-29]. Appellant moved the trial court to dismiss the case pursuant to V.T.C.A., Civil Practice & Remedies Code §74.351(b) as the Appellees failed to complete timely service of their expert report and curriculum vitae. [C.R. 36-66].

**COURSE OF PROCEEDINGS:** The Appellees filed their Original Petition on August 29, 2014, [C.R. 5], and the Appellant filed its Original Answer on October 3, 2014, [C.R. 30]; thus, the Appellees' expert report and curriculum vitae were due on or before January 31, 2015. [C.R. 72-73]. On February 20, 2015, the Appellant filed a Motion to Dismiss asserting that the Appellees had failed to timely complete service of their expert report and curriculum vitae. [C.R. 36]. The motion was set for hearing to occur on March 26, 2015. [C.R. 71]. Appellees filed their response to the motion to dismiss on March 22, 2015, [2ND SUPP. C.R. 1545], and the Appellant filed a reply to the response on March 25, 2015. [C.R. 72]. The court heard the motion on March 26, 2015, [R.R. 1-38], and invited the parties to submit additional briefing. Appellant filed its Post Hearing Submission on April 2, 2015, [C.R. 110], and the Appellees filed their Supplemental Briefing on the same date. [2ND SUPP. C.R. 1624].

**TRIAL COURT:**   212th Judicial District Court, Galveston County, Texas.   The Honorable Patricia Grady, Judge Presiding.


**TRIAL COURT'S DISPOSITION:** Order signed denying Motion to Dismiss on May 4, 2015.  [C.R. 135].

## REQUEST FOR ORAL ARGUMENT

Pursuant to Rule 39, Texas Rules of Appellate Procedure, Appellant hereby requests oral argument in this appeal.

# ISSUES PRESENTED

## ISSUE ONE

THE TRIAL COURT ERRED IN FAILING TO DISMISS THIS CAUSE OF ACTION PURSUANT TO SECTION 74.351(b) OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE AS THE APPELLEES FAILED TO COMPLETE SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WITHIN 120 DAYS OF THE FILING OF APPELLANT'S ORIGINAL ANSWER:

A) APPELLEES' EXPERT REPORT AND CURRICULUM VITAE WERE DUE ON OR BEFORE JANUARY 31, 2015; HOWEVER, SERVICE OF THE EXPERT REPORT WAS NOT COMPLETED, IF AT ALL, UNTIL FEBRUARY 12, 2015;

B) APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WAS NOT PROPER AS ELECTRONIC SERVICE WAS MANDATED BY RULE 21a(a)(1), TRCP;

C) APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE ON SATURDAY, JANUARY 31, 2015, AT 6:27 P.M., IF IT HAD BEEN COMPLETED, WOULD HAVE BEEN DEEMED SERVED ON FEBRUARY 2, 2015;

D) RULE 4, TRCP, DID NOT EXTEND THE APPELLEES' SERVICE DEADLINE TO MONDAY, FEBRUARY 2, 2015, AS THE TEXAS SUPREME COURT HAS MANDATED "STRICT COMPLIANCE" WITH THE 120 DAY SERVICE REQUIREMENT OF SECTION 74.351(a); AND, IF RULE 4 DOES APPLY, THE CASE STILL MUST BE DISMISSED AS PROPER SERVICE WAS NOT COMPLETED ON OR BEFORE FEBRUARY 2, 2015.

No. 14-15-00449-CV

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,

APPELLANT,

V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,

APPELLEES.

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

**APPELLANT'S BRIEF**

TO THE HONORABLE COURT OF APPEALS:

COMES NOW the Appellant, The University of Texas Medical Branch at Galveston, by and through the undersigned Assistant Attorney General, and submits this Brief in Appeal of the interlocutory order entered by the trial court denying the Motion to Dismiss with Prejudice for Failure to Timely Serve an Expert Report Pursuant to Section 74.351 of the Civil Practice & Remedies

Code. [C.R. 135]. This interlocutory appeal is being brought pursuant to Section 51.014(a)(9) of the Texas Civil Practice & Remedies Code. [C.R. 145].

Throughout the brief the record will be cited as follows: the Reporter's Record shall be cited as R.R.; the Clerk's Record shall be cited as C.R.; the Supplemental Clerk's Record shall be cited as SUPP. C.R.; the Second Supplemental Clerk's Record shall be cited as 2ND SUPP. C.R.; and, the Third Supplemental Clerk's Record shall be cited as 3RD SUPP. C.R..

## STATEMENT OF FACTS

This is a medical malpractice cause of action. The Appellees provided the Appellant written notice of their claim on January 24, 2013. [C.R. 12-22]. Approximately one and a half years later, on August 29, 2014, the Original Petition was filed by the Appellees in this case. [C.R. 5-22]. On October 3, 2014, the Appellant's attorney electronically filed its Original Answer to the Appellees' suit and the Original Answer was electronically served upon the Appellees' counsel of record. [C.R. 30-32, 44-48]. Pursuant to V.T.C.A., Civil Practice and Remedies Code § 74.351(a), the Appellees were required to serve their expert report/s and curriculum vitae of each expert "not later than the 120th day after the date" the Appellant's Original Answer was filed; thus, Appellees' expert report/s and

2

curriculum vitae, in this case, were required to be served on or before January 31, 2015. [C.R. 72-73]. Therefore, the Appellees had more than two (2) years from the time they provided notice of their claim to prepare an expert report and they were aware that an expert report was required in order to pursue this cause of action. [R.R. 9-11, 12, 30-31].

On Saturday, January 31, 2015, at 6:27 PM, the Appellees' counsel's office sent an email to Appellant's counsel which stated: "Attached please find your copy of the Expert Report and Exhibits filed with the Court earlier today. This will be 1 of 2 emails. Thank you." The email does not reflect the date or time that it was actually received in Appellant's counsel's email inbox. [C.R. 53]. Appellant's counsel observed an email on his cell phone on Sunday morning, February 1, 2015; however, he did not attempt to access the attachments at that time; and, he was not in the office on Monday, February 2, 2015. [R.R. 6]. While the email message states the Appellees had "filed with the court earlier today" their expert report and exhibits, that attempted filing was apparently unsuccessful as the "Expert Report of Gerald Raymond (Ray) Callas, M.D. To Comply With CPRC SEC. 74.351 Regarding Dr. Gerald Callas, (Deceased)" was electronically filed with the Galveston County District Clerk on February 2, 2015. [2ND SUPP. C.R. 166-1534]. Contrary to the statements set forth in the "certificate of service", [2ND SUPP. C.R.167], the Appellees did not complete service upon the Appellant's counsel. [C.R. 37-38]. The

3

Galveston County District Clerk sealed the bulk of the documents filed by the Appellees and they could not be viewed online or obtained from the District Clerk. [C.R. 37; SUPP. C.R. 4-5; 3RD SUPP C.R. 9-16; R.R. 33].

On February 3, 2015, the Appellant's counsel was in his office and opened the email from Appellees' counsel's office and accessed the attachments. The printout of the email does not demonstrate when it was received in Appellant's counsel's email inbox; however, it notes that it was "Sent: Saturday, January 31, 2015 6:27 PM". Further, it was stated in the body of the email message that it was "1 of 2 emails". [C.R. 53]. The Appellant's counsel searched his email inbox and, not finding a second email from the Appellees' counsel, replied to the email stating that the second email had not been received. [C.R. 54]. Appellees' counsel's office responded that "the 2nd email actually got kicked back..." and "I've attached it in sections". [C.R. 55]. The Appellant's counsel sent an email acknowledging the response. [C.R. 57]. Appellees' counsel's office sent an email at 8:52 AM with additional attachments. [C.R. 59]. Thereafter, the Appellees' counsel's office sent an email which stated: "Mr. Keister – this is the last of it." [C. R. 61].

The Appellant's counsel's office accessed the "Case Summary" for this cause of action on the Galveston County District Clerk's Office website. [C.R. 49-50]. While the bulk of the documents had been sealed and could not be accessed on the website and the District Clerk refused to make them available, Appellant attempted

to compare the categories of documents listed on the "Case Summary" to what had been received in the various emails received from Appellees' counsel's office. [C.R. 37; R.R. 33]. Thereafter, on February 10, 2015, the Appellant's counsel sent an email message to Appellees' counsel's office notifying them that, after review, it appeared that not all of the documents included as part of the expert report had been received. [C.R. 63]. On February 12, 2015, the Appellees' counsel's office responded with an email that attached additional parts of their expert report. [C.R. 65].

The Galveston County District Clerk held the bulk of documents filed by the Appellees under seal and filed them with this Court under seal as part of the Clerk's Record. [C.R. 37, 3: Volume 2-sealed; Volume 3-sealed]. The parties filed a Joint Motion to Unseal Records which was granted by the trial court on June 10, 2015. [SUPP. C.R. 4-5; 3RD SUPP C.R. 9-16]. Pursuant to the trial court's order, the Galveston County District Clerk filed the 2nd Supplemental Clerk's Record, containing the unsealed documents, with this Court on June 17, 2015. Prior to the filing of the 2nd Supplemental Clerk's Record in this appeal, the Appellant was not allowed to review the bulk of the documents that were filed by the Appellees with the Galveston County District Clerk in this cause of action. [C.R. 37].

## SUMMARY OF THE ARGUMENT

Under **Issue One**, pages 8 to 14, the Appellant argues that the Texas Supreme Court has held that "strict compliance" with the 120 day deadline for the service of expert report/s and curriculum vitae under V.T.C.A., Civil Practice & Remedies Code §74.351(a) is mandatory; and, failure to complete the service within the 120 day deadline requires dismissal of the cause of action. In addition, the Appellant argues that the Appellees were required to comply with the service rules in Rule 21a, TRCP, in order to properly complete service. Further, the Appellant argues that the appropriate standard of review, in this case, is de novo standard.

Under **Issue One, A**, pages 14 to 20, the Appellant argues that the Appellees' expert report and curriculum vitae were due no later than January 31, 2015. While the Appellees attempted to email serve the Appellant's counsel with documents on January 31, 2015, the email service was not completed on that date as one of the Appellees' emails was received by Appellant's counsel on February 1, 2015, and the other email was never received. While the Appellees attempted to complete service of their expert report by a series of emails on February 3rd and 12th, 2015, these attempts, as well as the email received on February 1, were beyond the 120 day deadline for the service of the Appellees' expert report and curriculum vitae; therefore, the trial court erred in failing to dismiss this cause of action.

Under **Issue One, B**, pages 20 to 24, the Appellant argues that electronic service of the Appellees' expert report and curriculum vitae was mandatory under Rule 21a(a) (1), TRCP, as the Appellees electronically filed their expert report and curriculum vitae with the trial court. Therefore, the Appellees' attempt at service "by email", even if it had been timely completed, which it was not, was not proper service and the trial court erred in failing to dismiss this cause of action.

Under **Issue One, C**, pages 24 to 31, the Appellant argues that the Appellees' attempted email service of their expert report and curriculum vitae began after 5:00 p.m. on Saturday, January 31, 2015; therefore, even if the emails had been received by Appellant's counsel at that time, which they were not, the email service would have been deemed completed on Monday, February 2, 2015, which was outside the 120 day deadline for service of the expert report and curriculum vitae. Thus, the trial court erred in failing to dismiss this cause of action.

Under **Issue One, D**, pages 32 to 36, the Appellant argues that Rule 4, TRCP, did not extend the Appellees' service deadline to Monday, February 2, 2015. The Rules of Civil Procedure are construed liberally and the Texas Supreme Court has held that "strict compliance" with Section 74.351(a), supra, is mandatory. Thus, as Rule 4 would conflict with Section 74.351(a) by liberally extending the service deadline from 120 days to 122 days in the case before the Court, Rule 4 does not apply. Therefore, the trial court erred in failing to dismiss this cause of action.

## ARGUMENT

## ISSUE ONE

**THE TRIAL COURT ERRED IN FAILING TO DISMISS THIS CAUSE OF ACTION PURSUANT TO SECTION 74.351(b) OF THE TEXAS CIVIL PRACTICE & REMEDIES CODE AS THE APPELLEES FAILED TO COMPLETE SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WITHIN 120 DAYS OF THE FILING OF APPELLANT'S ORIGINAL ANSWER**

Section 74.351(a) of the Texas Civil Practice & Remedies Code mandates that: "In a health care liability claim, a claimant shall, not later than the 120th day after the date each defendant's original answer is filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report…". Failure to comply timely requires dismissal of the cause of action with prejudice pursuant to Section 74.351(b) of the Texas Civil Practice & Remedies Code. In discussing these provisions, the Texas Supreme Court stated in *Zanchi v. Lane,* 408 S.W. 3d 373, 376 (Tex. 2013):

> In order to proceed with an HCLC, a claimant must comply with the expert-report requirement of the TMLA. *See* TEX. CIV. PRAC. & REM. CODE §74.351; *Stockton v. Offenbach,* 336 S.W.3d 610, 614 (Tex. 2011). Section 74.351(a) provides that "[i]n a health care liability claim, a claimant shall not later than the 120th day after the date the original petition was filed, serve on each party or party's attorney one or more expert reports." TEX. CIV. PRAC. & REM. CODE §74.351(a). **Strict compliance with that provision is mandatory.** *Stockton,* 336 S.W.3d at 614. If the claimant does not serve an expert report by the statutory deadline, the statute requires, with one exception not relevant here, dismissal of the claim with prejudice "on the motion of the affected

8

physician or health care provider." TEX. CIV. PRAC. & REM. CODE § 74.351(b).

(emphasis added). In *Ogletree v. Matthews*, 262 S.W. 3d 316, 319-320 (Tex. 2007), the Court stated:

> ...The 2003 amendments, on the other hand, created a statute-of-limitations-type deadline within which expert reports must be served. If no report is served within the 120 day deadline provided by 74.351(a), the Legislature denied trial courts the discretion to deny motions to dismiss or grant extensions, and a trial court's refusal to dismiss may be immediately appealed. Tex. Civ. Prac. & Rem. Code § 74.351(b) (stating that a trial court "**shall**" dismiss a claim when expert reports are not served within 120 days); Tex. Civ. Prac. & Rem. Code 51.014(a)(9) (authorizing interlocutory appeal of the denial of a motion to dismiss filed under 74.351(b)). **This strict 120 day deadline can lead to seemingly harsh results.** *See, e.g, Thoyakulathu v. Brennan,* 192 S.W. 3d 849, 856 (Tex. App.-Texarkana 2006, no pet.) (holding that expert report had not been served when plaintiff filed the report but failed to serve it on the doctor due to facsimile error); *Garcia v. Marichalar,* 185 S.W. 3d 70, 73 (Tex. App.-San Antonio 2005, no pet.) (finding that plaintiff's expert report that mentioned other providers but not Garcia was in effect no report as to Garcia and concluding that an extension was, therefore, improper). **Nonetheless, the Legislature imposed the deadline as part of its effort to "reduce excessive frequency...of health care liability claims."** Act of June 2, 2003, 78[th] Legl, R.S., ch. 204, § 10.11(b)(3), 2003 Tex. Gen. Laws 847, 884.

(emphasis added). See also, *Badiga v. Lopez*, 274 S.W. 3d 681, 683 (Tex. 2009).

Thus, absent an agreement between the parties, the trial court has no discretion not to dismiss a cause of action with prejudice if the claimant failed to meet the 120 day deadline. See, *Nexion Health at Beechnut, Inc. v. Paul,* 335 S.W. 3d 716, 718 (Tex. App.- Houston [14[th] Dist.] 2011, no petition); *Rivenes v. Holder,* 257 S.W. 3d 332, 336 (Tex. App.- Houston [14[th] Dist.] 2008, pet. denied); *Regis v. Harris County*

*Hospital District,* 208 S.W. 3d 64, 68 (Tex. App.- Houston [14th Dist.] 2006, no petition).

The "strict compliance" standard is well established in the case law of this state and has been applied often by the Texas Supreme Court. See, for example: *Texas Rice Land Partners v. Denbury Green Pipe Line*, 363 S.W. 3d 192, 198 (Tex. 2012) (eminent domain under the Texas Natural Resources Code); *Insurance Company of the State of Pennsylvania v. LeJeune*, 297 S.W. 3d 254 (Tex. 2009) (review of default judgment for failure to comply with Rules 16 and 105, TRCP); *The State of Texas v. Bristol Hotel Asset Company*, 65 S.W. 3d 638, 640-641 (Tex. 2001) (eminent domain under the Texas Property Code); *Wilson v. Dunn*, 800 S.W. 2d 833, 836 (Tex. 1991) (review of default judgment for failure to comply with Rule 106(b), TRCP); *Henry S. Miller Company v. TREO Enterprises*, 585 S.W. 2d 674 (Tex. 1979) (strict compliance with the Texas Real Estate License Act); *DeLaney v. Fidelity Lease Limited*, 526 S.W. 2d 543 (Tex. 1975) (strict compliance with the Texas Uniform Limited Partnership Act). Further, the Fourteenth Court of Appeals has applied the "strict compliance" standard in many different areas of the law. See, for example: *Jacobs v. Jacobs,* 448 S.W. 3d 626 (Tex. App.-Houston [14th Dist.] 2014, no petition) (garnishment proceedings under Rule 663, TRCP); *Ex Parte Reed,* 343 S.W. 3d 306 (Tex. App.-Houston [14th Dist.] 2011, no petition) ( expunction proceedings under the Texas Code of Criminal Procedure); *In Re Tasso Triantaphyllis,* 68 S.W. 3d 861

(Tex. App.-Houston [14th Dist.] 2002) (Texas Election Code requirements); *H.E.Y. Trust v. Popcorn Express Co., Inc.*, 35 S.W. 3d 55 (Tex. App.-Houston [14th Dist.] 2001, pet. denied) (Texas Real Estate License Act); *Board of Regents of The University of Houston System v. FKM Partnership, Ltd.,* 178 S.W. 3d 1 (Tex. App.-Houston [14th Dist.] 2005) (eminent domain under the Texas Property Code); *Mansell v. Insurance Company of the West,* 203 S.W. 3d 499 (Tex. App.-Houston [14th Dist.] 2006, no petition) (reviewing default judgment). This Court has recognized that when a statue uses mandatory language, "strict compliance" with its terms are required. *In Re Tasso Triantaphyllis,* supra, at 868. Further, when a cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring "strict compliance" for the action to be sustained; and, the trial courts have no power to extend equitable relief beyond the clear meaning of the statute. *Texas Department of Public Safety v. Graham*, 2013 WL 5760693 (Tex. App. – Houston [14th Dist.] 2013, no petition); *Ex Parte Reed*, supra, at 308.

Section 74.351(a) does not provide a definition of the word "serve"; however, this Court has held that service of the expert report must be in compliance with Rule 21a, Texas Rules of Civil Procedure. In *Nexion Health at Beechnut, Inc. v. Paul,* supra, at 718, this Court stated:

> Section 74.351 provides that a health care liability claimant must file and "serve" an expert report within 120 days of filing suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2009). The statue does not define "serve," but this court as well as others have

11

interpreted the statute to incorporate the service rules found in Texas Rule of Civil Procedure 21a. *See Awoniyi v. McWilliams,* 261 S.W. 3d 162, 164 (Tex. App.-Houston [14th Dist.] 2008, no pet.); *Univ. of Tex. Health Sci. Ctr. v. Gutierrez,* 237 S.W. 3d 869, 872 (Tex. App.- Houston [1st Dist.] 2007, pet. denied).

With respect to "service", in the context of "strict compliance" required for a default judgment review, this Court stated in *Payne v. Payne,* 2006 WL 2827365 (Tex. App.-Houston [14th Dist.] 2006, no petition):

> ...Faiure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid. *McKanna v. Edgar,* 388 S.W. 2d 927, 929 (Tex. 1965). "Strict compliance" means literal compliance with the rules governing issuance, service, and return of citation. *Amato v. Hernandez,* 981 S.W. 2d 947, 949 (Tex. App.-Houston [1st Dist.] 1998, pet denied).

Further, this Court has noted that with respect to "strict compliance with the rules governing citation", "...virtually any deviation from these rules is sufficient to set aside the default judgment...". *Mansell v. Insurance Company of the West*, 203 S.W. 3d 499, 501 (Tex. App.- Houston [14th Dist.] 2006, no petition). "Strict compliance" is not limited to the Texas Rules of Civil Procedure but also applies to "other applicable law in regard to the issuance of citation, the manner and mode of service, and the return of process". *Ashley Forest Apartments v. Almy*, 762 S.W. 2d 293, 294-295 (Tex. App.-Houston [14th Dist.] 1988, no petition). While the case before the Court involves proper service under Rule 21a, TRCP, instead of service of process under Rule 106, TRCP, the "strict compliance" standard is applicable to service in this case. In *Jacobs v. Jacobs*, supra, the Court noted that strict compliance

12

with Rule 663a, TRCP, is required for service of a writ of garnishment. The Court noted that the rule specifically allows for service of the writ "in any manner prescribed for service of citation or as provided in Rule 21a." Therefore, the Court held at page 663:

> ...We proceed to determine whether a garnishor may strictly comply with rule 663a despite a lack of proof that the defendant debtor actually accepted service. We conclude that under these circumstances– where the record supports that the garnishor attempted service of the garnishment proceedings as properly authorized by rule 21a, yet the debtor avoided and refused service- the answer is yes.

The Court further noted at pages 663-664:

> Upon reviewing the plain, unambiguous language of rule 663a, we conclude that compliance with rule 663a does not necessarily require proof of actual acceptance of service by the debtor. *See* Tex. R. Civ. P. 663a; *Crowe v. Ware*, No. 05-96-01294-CV, 1998 WL 258398, at *2 (Tex. App.-Dallas May 22, 1998, no pet.) (not designated for publication) ("Rule 663a requires actual service on the debtor, [but] it does not require proof that the debtor accepted the service, merely that he was **properly served under [r]ule 21a"**). Rather, rule 663a requires that the defendant "shall be served in any manner prescribed for service of citation or as provided in [r]ule 21a." Tex. R. Civ. P. 663a; *see* Tex. R. Civ. P. 21a. **In other words, a garnishor may comply with rule 663a by complying with rule 21a.** *See* Tex. R. Civ. P. 663a; *Crowe,* 1998 WL 258398, at *2 **(rule 663a requires that debtor be properly served under rule 21a).**

(emphasis added). Likewise, in the case before the Court, as "strict compliance" is mandated with respect to the 120 day deadline for service of the expert report and curriculum vitae under Section 74.351(a), supra, the claimant "strictly complies"

13

only if he "properly serves" the Defendant under Rule 21a before the expiration of the 120 day deadline.

Further, with respect to the standard of review on appeal, this Court stated: "Though we review a trial court's ruling on a motion to dismiss for failure to comply with section 74.351 for an abuse of discretion, whether proper service has been made is a question of law we review de novo". Id, at 718. See also *Wooley v. Schaffer,* 447 S.W.3d 71, 74-75 (Tex. App.-Houston [14th Dist.] 2014, pet. denied) ("…we review trial court's ruling on a question of law de novo"); *Zanchi v. Lane,* supra, at 376, ("Matters of statutory construction are legal questions that we review de novo"); *Rivenes v. Holder,* supra, at 336, ("To the extent resolution of the issue presented requires interpretation of the statute, we review the ruling under a de novo standard"). As demonstrated in this brief, the proper standard of review, of the case before the Court, is de novo as the underlying facts were not in dispute in the trial court and the case turns upon the question of whether the Appellees timely completed proper service of their expert report and curriculum vitae according to the appropriate construction and interpretation of the statutes and rules at issue.

**A)  APPELLEES' EXPERT REPORT AND CURRICULUM VITAE WERE DUE ON OR BEFORE JANUARY 31, 2015; HOWEVER, SERVICE OF THE EXPERT REPORT WAS NOT COMPLETED, IF AT ALL, UNTIL FEBRUARY 12, 2015**

On October 3, 2014, the Appellant filed its Original Answer in this cause of action. [C.R. 30-32]. Pursuant to Section 74.351(a) of the Civil Practice & Remedies Code, the Appellees were required to serve the Appellant with their expert report and curriculum vitae within 120 days of October 3, 2014; thus, their report and curriculum vitae could be served no later than January 31, 2015. [C. R. 72-73]. In the "Plaintiffs' Response to Defendant's Motion to Dismiss for Failure to Timely Serve an Expert Report Pursuant to Section 74.351", the Appellees incorrectly asserted that "the 120th day after October 3, 2014," was Sunday, February 1, 2015. [2ND SUPP. C.R. 1546, 1551]. However, the Appellees did not argue during the hearing on the motion to dismiss nor in their supplemental briefing to the trial court that their statutory deadline was February 1, 2015. [2ND SUPP. C.R. 1624-1632]. By counting the days on the calendar, the 120th day clearly fell on January 31, 2015.

On Saturday, January 31, 2015, the Appellees apparently made an unsuccessful attempt to electronically file their expert report with the Galveston County District Clerk. [C.R. 53]. On Monday, February 2, 2015, the Appellees were successful in electronically filing their expert report with the Galveston County District Clerk. [2ND SUPP. C.R. 166-1534]. The complete set of documents were filed as the "Expert Report of Gerald (Ray) Callas, M.D. To Comply With CPRC Sec. 74.351 Regarding Dr. Gerald Callas, (Deceased)." [2ND SUPP. C.R. 166-167]. The Appellees' expert specifically incorporated all filed exhibits as part of his expert report in this case.

15

[C.R. 79, 112-113; 2ND SUPP. C.R. 168, 169, 177]. During the hearing on the motion to dismiss, the following dialogue occurred between the trial court and the Appellant's counsel:

> So any way you look at it, Your Honor, they missed 120, and the case must be dismissed under the statute.
> THE COURT:     Can I ask you a question?
> MR. KEISTER:     Sure.
> THE COURT:     Regarding the expert report, do you consider all exhibits to be part of that expert report?
> MR. KEISTER:     (Nods head affirmatively.)
> THE COURT:     And if so, why?
> MR. KEISTER:     I do, Your Honor, because the expert says they are in his report, And this is a part of the reply that I filed yesterday. The expert specifically states, early in his report -- this is on Page 2. He says I have read and reviewed the two volumes of medical records consisting of 1,297 pages, which are incorporated or referenced as fully set forth in his report. And then after that, throughout the report, he's discussing those records and referencing those records.
>
> I don't know, without those records, what he's referencing. So those are an essential part of the report and they had to come with it. Plaintiffs were aware of that. They filed it with the Court, and they filed it with the Court as their expert report, the entire packet, not just a portion of it. So in order for the service of their report to have ben complete, the whole thing had to get to me, and the earliest it got to me was February 12th.
> THE COURT:     Okay.

[R.R. 8-9]. Later in the hearing, the Appellees' counsel confirmed to the trial court that the expert intended the exhibits to be part of the expert report. The following dialogue occurred between the trial court and the Appellees' counsel:

> Now, I'm going to posit to the Court that there is a strategic reason that he didn't include a paragraph in his motion, which said in the alternative, the report is insufficient, because we didn't receive the last exhibit.

16

THE COURT: I believe he's saying the report was incomplete, not that it was insufficient. And according to your expert's report, he incorporates all the exhibits as part of his report, which tells me that is the full report.

MR. SUTTON: And I'm not going to disagree with Your Honor on that point. I'm not going to –

THE COURT: Well, disagree if it is an incorrect conclusion.

MR. SUTTON: I don't think it is, but it's not what the focus is on whether or not we have complied with Chapter 74.351. The issue here is compliance with Chapter 74.351, and that rule -- nowhere does it say we have to give him what we think is our complete report. It says we have to serve on him an expert report and a curriculum vitae, which we did.

I'm not going to sit here and tell the Court that we never intended to give him the last exhibit. We did. We wanted to. It didn't happen in a timely manner...

[R.R. 15-16]. Further, it is without dispute that the "certificate of service", [2ND SUPP. C.R. 167], incorrectly represented the methods of service and incorrectly represented that a "true and correct copy" of the filed documents had been served upon the Appellant's attorney. [C.R. 37-40]. In addition, as will be discussed in part "B" below, electronic service was mandatory for proper service under the facts of this case.

While the methods and date of service set forth in Appellees' "certificate of service", [2ND SUPP. C.R. 167], are incorrect, the Appellees apparently did attempt to serve some documents by email on Saturday, January 31, 2015. On that date, at 6:27 PM, the Appellees' counsel's office sent an email to Appellant's counsel which stated: "Attached please find your copy of the Expert Report and Exhibits filed with

the Court earlier today. This will be 1 of 2 emails. Thank you." The email does not reflect the date or time that it was actually received in Appellant's counsel's email inbox. [C.R. 53]. However, as will be discussed in part "C" below, since the email was sent after 5:00 p.m., it would have been deemed served on Monday, February 2, 2015, which was beyond the 120 day service deadline.

Further, even if the Appellees' January 31, 2015, email had been received on that date, which it was not, service of the Appellees' expert report and curriculum vitae still would not have been completed within the 120 day service deadline as the portions of the expert report attached to Appellees' second email was never delivered to the Appellant's counsel's email inbox. [C.R. 54-55]. On February 3, 2015, after Appellant's counsel notified Appellees' counsel's office that the second email had not been received, Appellees attempted to complete service, on that date, of the expert report by attaching it to multiple emails. [C.R. 54-61]. However, this second attempt to complete service of the expert report was also unsuccessful. On February 10, 2015, Appellant's counsel notified Appellees' counsel's office that it appeared that not all of the expert report had been received. [C.R. 63-64]. Thereafter, on February 12, 2015, Appellees' counsel's office responded by an email attaching the remaining parts of the expert report. [C.R. 65-66]. Therefore, the Appellees' service of their expert report and curriculum vitae was completed, if at all, on February 12, 2014, well beyond the 120 day service deadline.

As set forth above, it is undisputed that the complete set of documents electronically filed with the District Clerk on February 2, 2015, was the Appellees' Section 74.351(a) expert report in this case. [2ND SUPP. C.R. 166-1534]. Rule 21(a), TRCP, requires that when documents are filed with the court, "...at the same time a true copy must be served on all other parties...".  See also, *Granderson v. Ross*, 2004 WL 582570 (Tex. App.-Houston [14th Dist.] 2004, no petition) (strict compliance standard requires service of the complete document).  Further, Rule 21(f), TRCP, sets forth the mandatory requirements for electronic filing, as utilized in this case, and Rule 21a, TRCP, establishes the permissible methods of service and the rules as to when service is complete.  In order to complete service of their expert report and curriculum vitae, the Appellees were required to comply with these service rules. *Nexion Health at Beechnut, Inc., v. Paul,* supra, at 718; *Jacobs v. Jacobs*, supra, at 633-634; *Granderson v. Ross*, supra.   The evidence in this case conclusively establishes that the Appellees did not serve the Appellant with a "true copy" of their expert report on January 31, 2015.  While the Appellees attempted to email serve the Appellant's counsel with documents on January 31, 2015, the email service was not completed; and, if it had been completed after 5:00 p.m., it would have been deemed completed beyond the 120 day deadline as argued in part "C" below.  The Appellees did attempt to complete service by a series of emails on February 3rd and 12th; however, these attempts to complete the service were beyond the 120 day deadline

for service of the expert report and curriculum vitae. Therefore, the trial court erred in failing to dismiss this cause of action with prejudice to its refiling.

**B) APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE WAS NOT PROPER AS ELECTRONIC SERVICE WAS MANDATED BY RULE 21a(a)(1), TRCP**

On Saturday, January 31, 2015, the Appellees attempted to electronically file their expert report and later, at 6:27 PM, attempted unsuccessfully to email a copy to Appellant's counsel. [C.R. 54]. Thereafter, on Monday, February 2, 2015, the Appellees' expert report was successfully electronically filed. [2ND SUPP. C.R. 166-1534]. While the Appellees did not attempt to serve the expert report on Appellant's counsel at the time of its filing on Monday, February 2, 2015, the "certificate of service" stated:

> I certify that on **January 31, 2015**, a true and correct copy of the foregoing instrument EXPERT REPORT OF GERALD RAYMOND (RAY) CALLAS, M.D. TO COMPLY WITH CPRC SEC. 74.351 REGARDING DR. GERALD CALLAS, (DECEASED) was provided to all counsel of record in accordance with the Texas Rules of Civil Procedure via one or more of the following methods, US Regular Mail, US Certified Mail, Hand Delivery, Facsimile and/or Electronic Filing.

[2ND SUPP. C.R. 167]. The Appellant, by a verified motion, denied that Appellant's counsel had been properly served with the expert report filed by the Appellees and challenged the "certificate of service" representation of date and methods of service. [C.R. 37-38, 73-75]. As the Appellant challenged the validity of the "certificate of

20

service" and asserted that it had not been properly served, the Appellees had the burden in the trial court to prove that the Appellant had been properly served. *Ashworth v. Brzoska*, 274 S.W.3d 324, 330-331 (Tex. App.-Houston [14th Dist.] 2008, no petition); *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). The Appellees did not present evidence or argument in the trial court to support their representation of the methods and date of service that appeared in the "certificate of service". Instead, they presented evidence and argument that established that they had unsuccessfully attempted an alternative method of service, "by email", that was not set out in their "certificate of service". [2ND SUPP. C.R. 1552-1554].

While the Appellees' expert report was electronically filed in this case under Rule 21(f), TRCP, the Appellees do not dispute the fact that they did not electronically serve the Appellant's attorney. Rule 21a(a)(1), TRCP, provides:

> (1) *Documents filed electronically.* A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager. If the email address of the party or attorney to be served is not on file with the electronic filing manager, the document may be served on that party or attorney under subparagraph (2).

The Appellant asserted in a verified motion that its attorney's email address had been on file with the electronic filing manager since February of 2014. [C.R. 37-38]. As the Appellees did not dispute this fact, the alternative method of service "by email"

allowed by Rule 21a(a)(2), TRCP, was not available to the Appellees and was not proper service under the facts of this case.

In the trial court, the Appellees did not dispute the fact they did not electronically serve the Appellant; instead, they argued that Section 74.351(a), supra, does not require that an expert report and curriculum vitae be "filed" but that they only need to be "served". [2ND SUPP. C.R. 1555]. The Appellant did not, and does not, disagree with this statement. However, once the Appellees chose to electronically file their expert report on Saturday, January 31, 2015, their later attempt to serve the Appellant's counsel by email, [C.R. 54], was not permissible as electronic service was then mandated by Rule 21a(a)(1). Further, when the Appellees again attempted to electronically file their expert report on Monday, February 2, 2015, they were again required to electronically serve the Appellant's counsel as, contrary to their "certificate of service", they had not done so on Saturday, January 31, 2015. The Appellees attempt to serve the expert report "by email" on Saturday, even if it had been successfully served, which it was not, would not have been proper service. Further, as will be discussed in part "C" below, the Appellees should have known on Monday, February 2, 2015, when they electronically filed their expert report, that their attempted service "by email" on Saturday, January 31, 2015, had not been successful. [Appendix B; C.R. 105 – Rule 12.5.4, Amended Local Rules of the District Courts for Galveston County, Texas].

Further, the Appellees asserted in the trial court that they were not required to electronically serve the Appellant because the expert report and curriculum vitae was not a "pleading, plea, motion, or application to the court for an order" covered by Rule 21(a). The Appellees read the rules too narrowly and failed to recognize that Rule 21a(a) also applies to "every notice required by these rules". The Appellees stated at page eleven (11) of their response:

> ...Thus, neither the expert report nor the curriculum vitae had to be filed. Even though they were filed, they were not filed "under Rule 21". They were simply filed out of an abundance of caution and to put the parties and Court on notice of their existence, and correctly "Served" by email upon defense counsel pursuant to TRCP Rule 21a(a)(2).

[2ND SUPP. C.R. 1555]. Thus, the Appellees admittedly filed a "notice" to the Court that they had performed an act that would ostensibly begin the running of the Appellant's 21 day deadline to "file" objections to the expert report if, in fact, "service" of the expert report had been completed as represented by the Appellees. Thus, electronic service was mandatory under Rule 21a(a)(1). Further, the Appellees read too narrowly what is "filed" "under Rule 21". Rule 21(f) establishes rules for the electronic filing of all "documents" in counties where electronic filing has been mandated, not just the category of documents set out in Rule 21(a). The Appellees electronically "filed" their expert report and curriculum vitae ("documents") under the requirements established in Rule 21; therefore, electronic service of the "documents" was mandatory.

As previously stated, this Court has held that a claimant is required to comply with Rule 21a, TRCP, when serving the expert report and curriculum vitae pursuant to Section 74.351(a), supra. *Nexion Health at Beechnut, Inc. v. Paul,* supra, at 718. The Appellees failed to comply with the mandatory electronic service required by Rule 21a(a)(1); therefore, their attempts at service "by email", even if it had been completed, which it was not, was not proper service and the trial court erred in failing to dismiss this cause of action with prejudice to its refiling. See, *Jacobs v. Jacobs*, supra, at 633-634; *Granderson v. Ross*, supra. Further, in the event the Court were to determine that electronic service was not mandatory under the facts of this case, the trial court still erred in failing to dismiss this case with prejudice to its refiling as the Appellees did not serve the Appellant with a "true copy" of their expert report and curriculum vitae within the 120 day deadline.

**C)** **APPELLEES' ATTEMPTED EMAIL SERVICE OF THEIR EXPERT REPORT AND CURRICULUM VITAE ON SATURDAY, JANUARY 31, 2015, AT 6:27 P.M., IF IT HAD BEEN COMPLETED, WOULD HAVE BEEN DEEMED SERVED ON FEBRUARY 2, 2015**

As discussed above, the Appellant filed its original answer on October 3, 2014, [C.R. 30-32], and the Appellees expert report and curriculum vitae were due within 120 days of that date, January 31, 2015. [C.R. 72-73]. On January 31, 2015, at 6:27 PM, the Appellees' counsel's office sent an email to Appellant's counsel which stated: "Attached please find your copy of the Expert Report and Exhibits filed with

24

the Court earlier today. This will be 1 of 2 emails. Thank you." The email does not reflect the date or time that it was actually received in Appellant's counsel's email inbox. [C.R. 53]. The evidence is undisputed that the second email never arrived in Appellant's counsel's email inbox. [C.R. 55]. The Appellant argued in the trial court that the Appellees did not complete service of their expert report within the 120 day deadline as the contents of the second email was not served upon the Appellant, if at all, until February 12, 2015. [See part "A" above.] Further, the Appellant argued that if both emails sent on January 31, 2015, had been received in Appellant's counsel's email inbox, they would have been deemed "served" on February 1, 2015. [C.R. 38-40, 75-76].

As discussed above, this Court has held that claimants are required to comply with the rules established by Rule 21a, TRCP, in order to complete service of their expert report and curriculum vitae mandated by Section 74.351(a), supra. See, *Nexion Health at Beechnut, Inc. v. Paul,* supra, at 718. As discussed in part "B" above, the Appellees were required, under the facts of this case, to electronically serve the Appellant in accordance with Rule 21a(a)(1); however, they chose to attempt, unsuccessfully, to serve the Appellant "by email" pursuant to Rule 21a(a)(2), TRCP. In the absence of the Appellees electronically filing their expert report and curriculum vitae, service "by email" may have been permissible; however,

25

the Appellees would still be required to comply with the rules that govern service "by email".

Rule 21a(a)(2), TRCP, provides that "a document not filed electronically may be served....by email...". However, unlike the other methods of permissible service, Rule 21a(b), TRCP, does not specify when service by email is complete. As the rule is silent as to when service by email is complete, service can only be completed when the document is actually delivered to the person being served. In the case before the Court, the only evidence is that Appellees' "email 1", [C.R. 53], appeared in Appellant's counsel's email inbox on February 1, 2015; however, as Appellees' "email 2" never reached Appellant's counsel's email inbox, [C.R. 55], email service of the Appellees' expert report and curriculum vitae was not complete on February 1, 2015. Even if both emails had been received in Appellant's counsel's email inbox on February 1, 2015, the service of the expert report would have still been outside the 120 day deadline.

Further, as the Appellees' "email 1" was "Sent: Saturday, January 31, 2015 6:27 PM", service "by email" after 5:00 p.m. should be deemed completed on the following day in conformity with Rule 21a(b)(2) which establishes the completion of fax service after 5:00 p.m. See, *Nexion Health at Beechnut, Inc. v. Paul,* supra, at 718. While Rule 21a(b) is silent as to emails, Rule 501.4, TRCP, provides:

(4) *Email*.  A copy may be sent to an email address expressly provided by the receiving party, if the party has consented to email service in writing.  Service by Email after 5:00 p.m. local time of the recipient will be deemed to have been served on the following day.

As Rule 21a is silent as to completion of email service, there is no apparent reason for the Texas Supreme Court to have considered the completion of email service under Rule 21a to be different than the rule it established for the completion of email service under Rule 501.4(4).  Therefore, if the attempted email service had been completed after 5:00 p.m. on Saturday, January 31, 2015, it would have been deemed completed on February 1, 2015, in accordance with the above rules.  However, as established by the above email chain, the Appellant's attorney did not receive the Appellees' complete emails on February 1, 2015, as at least one of the emails was not delivered to the Appellant's attorney's email inbox.  The Appellees' attempted email service, if completed at all, was not complete until the Appellant's attorney received the emails that were sent on February 3rd and 12th, 2015.

Further, the District Courts of Galveston County, in 2011, adopted local rules for practice in those courts pursuant to Rule 3a, TRCP.  [Appendix B; C.R. 8-108]. Rule 3a provides:

> Each administrative judicial region, district court, county court, county court at law, and probate court may make and amend local rules governing practice before such courts, provided:
> (1) that any proposed rule or amendment shall not be inconsistent with these rules or with any rule of the administrative judicial region in which the court is located;

27

(2) no time period provided by these rules may be altered by local rules;

(3) any proposed local rule or amendment shall not become effective until it is submitted and approved by the Supreme Court of Texas;

(4) any proposed local rule or amendment shall not become effective until at least thirty days after its publication in a manner reasonably calculated to bring it to the attention of attorneys practicing before the court or courts for which it is made;

(5) all local rules or amendments adopted and approved in accordance herewith are made available upon request to the members of the bar;

(6) no local rule, order or practice of any court, other than local rules and amendments which fully comply with all requirements of this Rule 3a, shall ever be applied to determine the merits of any matter.

Pursuant to Rule 3a, the "Amended Local Rules of the District Courts for Galveston County, Texas" were submitted and approved by the Supreme Court of Texas on April 29, 2011. [Appendix B – "Approval of Amended Local Rules for the County Courts at Law and District Courts of Galveston County]. As will be shown below, the local rules at issue are not inconsistent with the Texas Rules of Civil Procedure and do not alter any time periods; therefore, the local rules comply with all requirements of Rule 3a and may "be applied to determine the merits of any matter". See, *Approximately $14,980.00 v. The State of Texas*, 261 S.W. 3d 182, 188-189 (Tex. App.-Houston [14th Dist.] 2008, no petition); *Approximately $15,589.00 v. The State of Texas,* 230 S.W. 3d 871, 874 (Tex. App.-Houston [14th Dist.] 2007, no petition). Further, litigants are charged with knowledge of local rules of courts. See,

*In Re Estate of Earle Stanton,* 2006 WL 343907 (Tex. App.-Tyler 2006, pet. denied);

*Barding v. Texas Department of Criminal Justice, Pardons and Paroles Division,*

1998 WL 765109 (Tex. App.-Austin 1998, no petition); *Woods v. Powell,* 1989 WL

82202 (Tex. App.-Houston [14th Dist.] 1989, no petition); *Mayad v. Rizk,* 554 S.W.

2d 835, 838-839 (Tex. App.-Houston [14th Dist.] 1977, writ refused n.r.e.).

The "Amended Local Rules of the District Courts for Galveston County,

Texas" include rules for the electronic filing of court documents. Rule 12.2.1 (h) and

(j) set forth:

> (h) "Electronic service" is a method of serving a document upon a party in a case by electronically transmitting the document to that party's e-mail address.

> (j) "Electronically serve" means to serve a document by means of electronic service.

With respect to the completion of electronic service, the local rules provide:

> **12.5.2 Completion of Service and Date of Service**

> (a) Electronic service shall be complete upon transmission of the document by the filer to the party at the party's e-mail address.

> (b) Except as provided by subsection (c) below, the date of service shall be the date the electronic service is complete.

> (c) When electronic service is complete after 5:00 p.m. (recipient's time), then the date of service shall be deemed to be the next day that is not a Saturday, Sunday or legal holiday.

As Rule 21a(b), TRCP, is silent as to when service by email is complete, the above

local rules do not conflict with Rule 21a and are controlling with respect to the

question of when email service is complete for the District Courts of Galveston County, Texas.

As it is undisputed that the Appellees' unsuccessful attempt at email service began at 6:27 PM on Saturday, January 31, 2015, if the email service had been completed at that time, the local rules would have deemed the Appellees' expert report and curriculum vitae to have been served on Monday, February 2, 2015.  See, *Texas Department of Aging and Disability Services v. Mersch,* 418 S.W. 3d 736, 739-740 (Tex. App.-Houston [1st Dist.] 2013, no petition).  Thus, the service of the expert report and curriculum vitae would have been beyond the 120 day deadline.

Further, the local rules provide for the content of the certificate of service as follows:

### 12.5.4 Certification of Service

(a) Documents to be electronically served upon another party shall be served before the time or at the same time that the document is filed.

(b) A filer who electronically serves a document upon another party shall make a written certification of such service that shall accompany the document when that document is filed.  The written certification shall include, in addition to any other requirements imposed by the Texas Rules of Civil Procedure, the following:

> (i)    the filer's e-mail address or telecopier (facsimile machine) number;
> (ii)    the recipient's e-mail address;
> (iii)    the date and time of electronic service; and
> (iv)    a statement that the document was electronically served and that the electronic transmission was reported as complete.

The Appellees' "certificate of service" failed to comply with the local rules. [2ND SUPP. C.R. 167]. Local Rule 12.5.4 (b) (iv) required the Appellees to include in their certificate of service "a statement...that the electronic transmission was reported as complete." If the Appellees had complied with this rule, they would have been aware that the second email had not been delivered to Appellant's counsel's email inbox and that their attempt at email service on January 31, 2015, had not been complete. [C.R. 55].

The trial court erred in failing to dismiss this cause of action with prejudice to its refiling as the Appellees attempted email service of their expert report and curriculum vitae after 5:00 p.m. on Saturday, January 31, 2015, if it had been completed, would have been deemed completed on Monday, February 2, 2015; thus, completed service would have been outside the 120 day deadline. Further, even if this court finds that the rules concerning email service after 5:00 p.m. do not apply in this case, the trial court still erred in failing to dismiss this cause of action with prejudice to its refiling as the Appellees attempted email service was not successfully completed on January 31, 2015. The Appellant's counsel received the Appellees' first email on February 1, 2015, and the last email containing portions of the expert report on February 12, 2015; thus, the Appellees' attempted email service was outside the 120 day deadline.

**D)** **RULE 4, TRCP, DID NOT EXTEND THE APPELLEES' SERVICE DEADLINE TO MONDAY, FEBRUARY 2, 2015, AS THE TEXAS SUPREME COURT HAS MANDATED "STRICT COMPLIANCE" WITH THE 120 DAY SERVICE REQUIREMENT OF SECTION 74.351(a); AND, IF RULE 4 DOES APPLY, THE CASE STILL MUST BE DISMISSED AS PROPER SERVICE WAS NOT COMPLETED ON OR BEFORE FEBRUARY 2, 2015**

In the trial court, the Appellees argued that their expert report and curriculum vitae were due on Monday, February 2, 2015, as due dates falling on a Saturday or Sunday are extended to the following Monday pursuant to Rule 4, TRCP. [2ND SUPP. C.R. 1545-1557, 1624-1637; R.R. 12-14, 25-26, 35]. In support of their argument, the Appellees cited the trial court to the case of *Eikenhorst v. Wellbrock*, 2008 WL 2339735 (Tex. App.-Houston [1st Dist.] 2008, no petition). *Eikenhorst* is not applicable to the case before the Court as it did not address the question of whether the mandatory 120 day deadline of Section 74.351(a) can be extended by Rule 4, TRCP. More to the point, the Appellees cited the trial court to *Christus Spohn Health System Corporation v. Lopez*, 2014 WL 3542094 (Tex. App.-Corpus Christi 2014, no petition) and *Carpinteyro v. Gomez*, 403 S.W. 3d 508 (Tex. App.-San Antonio 2013, pet. denied). These cases addressed the question of whether Rule 4, TRCP, and Section 311.014 of the Texas Government Code could be applied to extend the 120 day deadline for the service of the expert report and curriculum vitae mandated under Section 74.351(a), supra. Both courts acknowledged that if a conflict existed between the application of Section 74.351(a) and Rule 4 and Section 311.014, then

32

pursuant to Section 74.002(a) of the Texas Civil Practice & Remedies Code, "section 74.351(a) would trump rule 4 and section 311.014 of the Texas Government Code." *Carpinteyro v. Gomez*, supra, at 511. However, both courts incorrectly determined that there was no conflict between Section 311.014, Rule 4, and the 120 day deadline of Section 74.351(a) as it "does not provide a method for computing the 120 day requirement when the end date is Saturday, Sunday, or a legal holiday." *Christus Spohn Health System Corporation v. Lopez*, supra. As argued by the Appellant in the trial court, [C.R. 73, 114-115; R.R. 7-8, 28-29, 36], the above opinions were incorrectly decided as they failed to consider and apply the "strict compliance" standard which is mandatory. *Zanchi v. Lane*, supra at 376. As stated in the *Zanchi* opinion, there are only two circumstances in which the 120 day deadline can be extended: 1) by agreement pursuant to Section 74.351(a), and 2) by the court pursuant to Section 74.351(c) in order to allow the claimant to cure a deficient report. See also, *Badiga v. Lopez*, supra, at 684-685. Under the "strict compliance" standard, no other extensions are permitted. Contrary to the "strict compliance" standard, the Texas Rules of Civil Procedure are to be given a liberal interpretation. See Rule 1, TRCP; *Approximately $14,980.00 v. The State of Texas*, supra, at 187. Statutes that receive a liberal construction are governed by the "substantial-compliance" standard, not the "strict compliance" standard. See *Mustang Tractor & Equipment Co. v. Hartford Accident and Indemnity Co.,* 263 S.W. 3d 437, 440 (Tex. App.-Austin 2008, pet.

33

denied); *Henry S. Miller Company v. TREO Enterprises*, supra at 678. Therefore, by applying Rule 4, TRCP, and/or Section 311.014 of the Texas Government Code and liberally extending the deadline to 122 days, the Courts of Appeal opinions above applied the "substantial-compliance" standard and grafted a third basis for an extension upon the statute which inherently conflicts with the Section 74.351(a) 120 day deadline that must be strictly applied.

As previously discussed, this Court has previously stated that: "strict compliance" means literal compliance...", *Payne v. Payne*, supra, and "...virtually any deviation from these rules is sufficient to set aside a default judgment...". *Mansell v. Insurance Company of The West*, supra, at 501. In addition, the Texas Supreme Court has ruled that statutes that require "strict compliance" also require "strict construction." See, for example, *Texas Rice Land Partners v. Denbury Green Pipeline,* 363 S.W. 3d 192, 198 (Tex. 2012); *Wallace v. Howell,* 707 S.W. 2d 876, 877 (Tex. 1986); *Painter v. Shaner*, 667 S.W. 2d 123, 125 (Tex. 1984). In discussing "strict construction", the Texas Supreme Court stated in *Southwestern Bell Telephone v. Emmett*, 459 S.W. 3d 578, 583-584 (Tex. 2015):

> ...Where a statute appears to depart from the common law and seeks to impose liability, "the statute will be strictly construed in the sense that it will not be extended beyond its plain meaning or applied to cases not clearly within its purview." *Smith v. Sewell*, 858 S.W. 2d 350, 354 (Tex. 1993). Accordingly, in the absence of a statutory definition of "made necessary," we will ascribe to the text its plain meaning. *See Union Carbide Corp. vs. Synatzske*, 438 S.W. 3d 39, 52 (Tex. 2014) ("We construe a statute's words according to their plain and common

meaning unless they are statutorily defined otherwise, a different meaning is apparent from the context, or unless such a construction leads to absurd results.") Statutory construction also requires us to take statutes as we find them, understanding that the Legislature purposefully selected the words chosen. *See id.*

See also, *The City of Houston v. Jackson*, 192 S.W. 3d 764, 770 (Tex. 2006) ("When the statutory language is unambiguous, we must apply the statute as written"); *Bullock v. National Banc Shares Corporation*, 584 S.W. 2d 268, 272-273 (Tex. 1979) (stating that "strict construction" requires that statutory tax exemptions must "affirmatively appear" in the statutes and "This strict, but literal, construction of the pertinent statutes lead to only one conclusion."). In *Verges v. Lomas & Nettleton Financial Corporation,* 642 S.W. 2d 820, 822 (Tex. App.-Dallas 1982, no writ), the court stated:

> Inherent within the standard of strict compliance is the requirement that the statute be strictly construed. Strict construction is defined by Black's Law Dictionary (5th Ed. 1979) as follows:

> [C]onstruction of a statute or other instrument according to its letter, which recognizes nothing that is not expressed, takes the language used in its exact and technical meaning, and admits no equitable consideration or implication.

See also, *Security Pacific Corporation v. Lupo*, 808 S.W. 2d 126, 127 (Tex. App.-Houston [14th Dist.] 1991, writ denied); *Mahon v. Haddad*, 783 S.W. 2d 769, 771 (Tex.- App.-Fort Worth 1990, no writ); *Cohen v. Strake*, 743 S.W. 2d 366, 368 (Tex. App.-Houston [14th Dist.] 1988, no writ). Thus, pursuant to the "strict compliance" standard and its inherent "strict construction" of Section 74.351(a), supra, the 120

35

day deadline can only be extended by written agreement of the parties under Section 74.351(a) or by court order under Section 74.351(c). Rule 4, TRCP, and Section 311.014 of the Texas Government Code can not apply as they conflict with the "strict compliance" of the 120 day deadline by liberally extending it to 122 days in the case before the Court.

As Rule 4, TRCP, and Section 311.014 of the Texas Government Code do not apply to Section 74.351(a), supra, and do not extend the 120 day deadline for service of the expert report and curriculum vitae to 122 days, making them due on February 2, 2015, in this case, the trial court erred in failing to dismiss this cause of action with prejudice to its refiling. Further, in the event this Court were to find that Rule 4, supra, and Section 311.014, supra, do apply in this case and extended the due date to February 2, 2015, the trial court still erred in failing to dismiss this cause of action with prejudice to its refiling as the Appellees failed to properly complete service of their expert report and curriculum vitae on or before February 2, 2015.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellant, The University of Texas Medical Branch at Galveston, prays that this Honorable Court reverse the order of the trial court denying "Defendant, The University of Texas Medical Branch at Galveston's Motion to Dismiss with Prejudice for Failure to Timely Serve an Expert

Report Pursuant to Section 74.351 of the Civil Practice and Remedies Code"; and, render judgment dismissing this cause of action in its entirety and with prejudice to its refiling. Further, the Appellant prays that all costs, in the trial court and Court of Appeals, be taxed against the Appellees. The Appellant further prays for all other relief, legal and equitable, to which it may be entitled.

RESPECTFULLY SUBMITTED,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

KARA L. KENNEDY
Chief, Tort Litigation Division

*/s/ S. Ronald Keister*

_____

S. RONALD KEISTER
State Bar No. 11185300
Assistant Attorney General
Attorney-In-Charge
Tort Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Ronny.Keister@texasattorneygeneral.gov
(512) 463-2197
FAX (512) 457-4435

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. 9.4(i)(3), this is to certify that this brief complies with the type-volume limitations of TEX. R. APP. 9.4(i)(2)(B)(must not exceed 15,000 words). This brief contains 9,483 words in a proportionally spaced typeface, exclusive of the exempted portions set forth in TEX. R. APP. 9.4(i)(1). This brief has been prepared using Times New Roman 14 point in text and Times New Roman 12 point in footnotes produced by Microsoft Word 2010 software.

*/s/ S. Ronald Keister*

_____
S. RONALD KEISTER
Assistant Attorney General

## CERTIFICATE OF ELECTRONIC SERVICE

I certify that on July 31, 2015, at approximately10:30 a.m., I served a copy of Appellant's Brief on the party listed below by electronic service concurrently with the electronic filing of the document. The electronic transmission was reported as complete. My e- mail address is Ronny.Keister@texasattorneygeneral.gov .

Brian D. Sutton                                 *Via e-service*
Sutton & Jacobs, LLP
Attorneys and Counselors at Law
850 Park Street
Beaumont, Texas 77701
(409) 833-1100
(409) 833-0711, fax
brians@sutton-jacobs.com
ATTORNEY FOR PLAINTIFF

*/s/ S. Ronald Keister*

_____
S. RONALD KEISTER
Assistant Attorney General

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
HOUSTON, TEXAS

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
APPELLANT,

V.

CAROLYN CALLAS, RAY CALLAS AND JAMIE CALLAS, INDIVIDUALLY
AND AS THE REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS
AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH
BENEFICIARIES,
APPELLEES.

On Appeal from the 212th Judicial District Court
Galveston County, Texas
No. 14-CV-0927

## APPENDIX

A) ORDER DENYING THE UNVIERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO TIMELY SERVE AN EXPERT REPORT PURSUANT TO SECTION 74.351 OF THE CIVIL PRACTICE AND REMEDIES CODE

B) APPROVAL OF AMENDED LOCAL RULES FOR THE COUNTY COURTS AT LAW AND DISTRICT COURTS OF GALVESTON COUNTY

APPENDIX A:

ORDER DENYING THE UNVIERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON'S MOTION TO DISMISS WITH PREJUDICE FOR FAILURE TO TIMELY SERVE AN EXPERT REPORT PURSUANT TO SECTION 74.351 OF THE CIVIL PRACTICE AND REMEDIES CODE



## CAUSE NO. 14-CV-0927

15 MAY -5 AM 10: 50

| | | |
|---|---|---|
| CAROLYN CALLAS, RAY CALLAS And JAMIE CALLAS, INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF GERALD CALLAS AND FOR AND ON BEHALF OF ANY WRONGFUL DEATH BENEFICIARIES Plaintiffs, | § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| VS. | | GALVESTON COUNTY, TEXAS |
| UNIVERSITY OF TEXAS MEDICAL BRANCH Defendant. | | 212TH JUDICIAL DISTRICT |

DISTRICT CLERK
GALVESTON COUNTY, TEXAS

---

### ORDER

ON     3·26         2015, came on to be presented DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE AN EXPERT REPORT PURSUANT TO SECTION 74.351 and the Court having heard the arguments of counsel, is of the opinion that the same should be DENIED, it is, therefore,

ORDERED, ADJUDGED AND DECREED that DEFENDANT UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO DISMISS FOR FAILURE TO TIMELY SERVE AN EXPERT REPORT PURSUANT TO SECTION 74.351 is in all things DENIED.

SIGNED on this    4    day of    May        , 2015.

JUDGE PRESIDING

135

# APPENDIX B:

APPROVAL OF AMENDED LOCAL RULES FOR THE COUNTY COURTS AT LAW AND DISTRICT COURTS OF GALVESTON COUNTY

# IN THE SUPREME COURT OF TEXAS

Misc. Docket No. 11- **9083**

---

## APPROVAL OF AMENDED LOCAL RULES FOR THE COUNTY COURTS AT LAW AND DISTRICT COURTS OF GALVESTON COUNTY

---

**ORDERED** that:

Pursuant to Texas Rule of Civil Procedure 3a, the Supreme Court of Texas approves the following, amended local rules for the county courts at law and district courts of Galveston County.

Dated: April **29**, 2011.

Wallace B. Jefferson, Chief Justice

Nathan L. Hecht, Justice

Dale Wainwright, Justice

David M. Medina, Justice

_____

Paul W. Green, Justice

_____

Phil Johnson, Justice

_____

Don R. Willett, Justice

_____

Eva M. Guzman, Justice

_____

Debra H. Lehrmann, Justice

# AMENDED LOCAL RULES OF THE COUNTY COURTS AT LAW FOR GALVESTON COUNTY, TEXAS

## Purpose

The Local Rules of Galveston County have as their primary purpose the management of the court dockets sensibly, efficiently and most important fairly. Their object is to be an understandable aid to the just disposition of cases without unnecessary delay or expense.

### Rule 1
### General

### Rule 1.10   Time Standards for Case Disposition:

Pursuant to Article 5, Section 31 of the Texas Constitution, Sections 22.004, 72.002 (2) and 74.024 of the Texas Government Code, Title 3 of the Texas Family Code, Rule 6 of the Rules of Judicial Administration, and Rules 1, 3, 4 and 5 of the Regional Rules of Judicial Administration, time standards have been established to which reference is made for all purposes, as they now exist, or as they may be hereafter amended.

### Rule 1.11   Court Sessions; Annual Calendars; Jury Weeks; Non Jury Weeks; Criminal; Civil; Weeks not in Session; Holidays:

The Courts shall publish a calendar for each year setting out the civil and criminal jury weeks and the non-jury weeks within which they will be making their settings. The calendar will be published by September 1 of the preceding year and will be followed except when the court in its discretion deems it inappropriate.

### Rule 2
### Local Administrative Judge

### Rule 2.10   Powers and Duties of Local Administrative County Court at Law Judge:

A.   Election of the Local Administrative Judge; County Courts at Law
   1.   Pursuant to Section 74.091 of the Texas Government Code and Rules of Judicial Administration a majority of the County Court at Law Judges will elect a Local Administrative County Court At Law Judge for a two-year term at the January meeting in 1993 and at the January meeting of each second year thereafter.
   2.   The Local Administrative County Court At Law Judge will have all duties and the responsibility for attending to emergency and special matters of the County Courts pursuant to Rule 9 and 10 (d) of the Rules of Judicial Administration.
B.   Meetings of the Judges of the County.
   1.   The Local Administrative Judges or a majority of the Judges shall call joint meetings of the District & County Court at Law Judges at least once each month and as needed.
   2.   The Local Administrative Judges shall preside over such meetings and in their absence a temporary Chairman may be elected by a majority of the quorum to preside over such meetings.

### Rule 3
### Civil Cases

### Rule 3.10   Filing and Assignment of Cases:

A.   Workers compensation cases may be docketed in County Court Number One, County Court Number Two and County Court Number Three in rotation with the District Courts.

B.   Civil County Court suits are docketed in County Court At Law Number One, County Court At Law Number Two and County Court at Law Number Three. All civil cases filed in County Court At Law Number One, County Court At Law Number Two and County Court at Law Number Three shall be assigned. **Waiver of Parental Notification before Abortion cases** are docketed in County Court at Law Number One, County Court at Law Number Two and County Court at Law Number Three in rotation with the District and

1

Probate Courts. Once assigned to a Court, a case will remain on the docket of that Court for all purposes unless transferred as hereinafter provided.

## Rule 3.11 Transfer of Cases; Docket Exchange; Bench Exchange:

A.  After assignment to a particular Court a case may be transferred to another Court by order of the Judge of the Court in which the case is pending with the consent of the Judge of the Court to which it is transferred; or by order of the respective Local Administrative Judge.

B.  The Courts may at any time exchange cases and Benches to accommodate their dockets or to specialize the Court's trials.

C.  Prior Judgment. Any claim for relief based upon judgment shall be assigned to the Court of original judgment.

D.  Non Suit. If a case is filed in which there is a substantial identity of parties and causes of action as in a non-suited case, the later case shall be assigned to the Court where the prior case was pending.

E.  Consolidation. A motion to consolidate cases shall be heard in the Court where the lowest numbered case is pending. If the motion is granted, the consolidated case will be given the number of the lowest number case and assigned to that Court.

F.  Severance. If a severance is granted, the new case will be assigned to the Court where the original case is pending, bearing the same file date and the same number as the original case with a letter designation; provided, however, when a severed case has previously been consolidated from another Court, the case shall upon severance be assigned to the Court from which it was consolidated.

G.  Presiding for another. In all cases where a judge presides for another Court, the case shall remain pending in the original Court. In any hearing on a motion for contempt, however, the Judge who issued the order which is claimed to have been disobeyed must preside over the motion for contempt hearing, except as otherwise provided in Section 21.002, Texas Government Code.

H.  Fair Distribution. The Local Administrative County Court at Law Judge may transfer cases between the respective Courts in the manner provided above or may assign cases from one Court to another Court for hearing if he finds that a Court has an inequitable burden due to illness, trial schedule, or other sufficient reasons.

I.  Improper Court. If a case is on the docket of a Court by any manner other than as prescribed by these rules, the Local Administrative County Court at Law Judge shall transfer the case to the proper Court.

J.  Rules related to the transfer and assignment of any civil case is exercised freely between all courts having concurrent jurisdiction in civil matters.

## Rule 3.12 Request for Non-Jury Setting:

A.  All requests for the scheduling of appearances for the Court for any purpose will be made by contacting the Court Coordinator who will arrange an appropriate time to appear before the Court.

B.  Requests for hearing shall be made to the Court in which the matter is pending, in accordance with these rules, and the parties making such request shall serve all other parties with notice of the date and hour set for hearing and of the particular matter which will be considered at such time.

## Rule 3.13 Request for Jury Setting:

A.  Demand for a trial by Jury shall not be occasion for advancement or substantial delay of the trial or of any other proceeding in the case, nor for transfer of the case to another Court.

B.  If the case is already set for non-jury trial when such demand is made, the Court may try the case with a jury on the same setting, add the case to the list of jury cases for the following week, or set it at some other convenient time.

C.  All requests for the scheduling of appearances for the Court for any purpose will be made by contacting the Court Coordinator who will arrange an appropriate time to appear before the Court, and the parties making such request shall serve notice to all parties for the date and hour set for hearing and of the particular matter which will be considered at such time.

## Rule 3.14 Setting and Assignment of Cases for Trial:

Cases shall be set for trial by order of the Court, upon request of a party, on the Court's own motion or by docket control order. Cases shall be set for trial for a date certain. If a case is not assigned to trial, whether because of a continuance or because it is not reached by the second Friday after the date it is set, the Court shall reset the case to a date certain. Unless all parties agree otherwise, all settings must comply with all requisites of Texas Rules of Civil Procedure 245. A case is assigned to trial when counsel is called to the

Court to commence the jury or non-jury trial on the merits. For purposes of engaged counsel, no Court may have more than one case assigned to trial at any one time.

## Rule 3.15 Conflicting Settings and Assignments of Counsel:

A.  The Rules of Judicial Administration of the Administrative Region apply and control.

B.  Attorney already in trial in another Court. It is the duty of the attorney to notify the Court through its coordinator when the potential for this situation arises or when an attorney set for trial starts trial in another court. When an attorney set for trial starts in another Court, the attorney shall notify the Court when and where assigned. Where and when assigned will be verified upon request of the opposing Party. The attorney shall have a continuing duty to keep the Court informed when release is anticipated and when it occurs.

C.  Attorney assigned to two courts for the same date. (1) It is the duty of an attorney to call the affected Judges' attention to all dual settings as soon as they are known. (2) Insofar as practicable, Judges should attempt to agree on which case has priority, otherwise, the following priorities shall be observed by the Judges of the respective courts:

    1.  Criminal and Juvenile cases.

    2.  Cases given preference by statute, including CPS cases.

    3.  Preferentially set cases.

    4.  Case set at earliest date.

    5.  Case with earliest filing date.

    6.  Court in multi-judge counties should yield to courts in rural counties in all other instances of conflicting settings.

D.  If any lawyer's caseload becomes a disruption to the orderly flow of a Jury Docket, the Court may limit the number of set cases in which the lawyer can be the attorney in charge and require designation of another attorney in charge for other set cases.

## Rule 3.16 Dismissal Docket; Involuntary Dismissals:

A.  All cases not set for trial or other hearing which has been on file for more than 24 months from the appearance date shall be placed on the Drop Docket by the Court Clerk under the direction of the Court.

B.  All cases on file for more than 12 months in which no answer has been filed shall be placed on the Drop Docket by the Court Clerk under the direction of the Court.

C.  When a case has been placed on the Drop Docket as above provided, the County Clerk shall promptly send a notice of the Court's intention to dismiss for want of prosecution. Notice of the Court's intention to dismiss shall be sent by the Clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. A copy of such notice shall be filed with the papers of the cause with notation thereon made by the Clerk showing the name and address of all counsel of parties to whom notice was mailed and the date of mailing.

D.  Unless a written motion to retain has been filed prior to the expiration of thirty days after the mailing by the Court Clerk of the notice of intention to dismiss such case shall be dismissed for want of prosecution. Notice of the signing of the Order of Dismissal shall be given as required by Rule 165a,Texas.Rules of Civil Procedure. Failure to mail notices as set out above shall not affect any of the periods mentioned in Rule 306a except as provided in that rule.

E.  A motion for reinstatement after dismissal shall follow the procedure and be governed by the provisions of Rule 165a, Texas Rules of Civil Procedure, relating to reinstatement.

## Rule 3.17 Hearings on Pre-Trial, Motions, Exceptions and Pleas:

A.  **Form.** Motions shall be in writing and shall be accompanied by a proposed order granting the relief sought. The proposed order shall be a separate instrument, unless the entire motion, order, signature lines and certificate of service are all on one page.

B.  **Submission.** Acceptance of motions by submission are at the discretion of each Court. In those Courts which decide motions by submission, motions shall state a date of submission, which shall be at least 10 days from filing, except on leave of Court. The motion will be submitted to the Court for ruling on that date or later.

C.  **Response.** Responses shall be in writing, and shall be filed at least two working days before the date of hearing or submission except on leave of the Court. Failure to file a response may be considered a representation of no opposition.

3

D. **Oral argument.** The motion or response shall include a request for oral argument if a party views it as necessary. The Court may grant that request or it may order oral argument on its own motion. A request for an oral argument is not a response under Local Rule 3.17 (c). Except where required by statute, the Court may in its discretion, disregard a request for oral hearing and rule upon the motion set by submission.

E. **Form of motions and responses.** Opposed motions and responses shall:
1. Be in writing;
2. Be accompanied by a separate form order granting or denying the relief, and;
3. Motions shall state in their title, "OPPOSED MOTION FOR..." or "UNOPPOSED" [or AGREED] MOTION FOR..."

F. **Certificates of conference.** Motions shall contain a certificate that Movant and Respondent have conferred with each other and in good faith attempted to resolve the matter. Normally, a hearing or submission date will not be scheduled by the Court unless a motion contains a certificate of conference that complies with this rule.

## Rule 3.18 Continuances:

A. Trial settings, whether or not made at a Docket control conference, will take into consideration the schedule of all attorneys/parties in charge.

B. An attorney/party, who fails to notify the Court of a known conflict in scheduling at the time the case is set, shall be precluded from seeking a continuance at a later time on the grounds of such conflict.

C. Any known ground for continuance of the trial setting shall be presented to the Court at least 14 days prior to the trial setting or at the pre-trial conference, if any, whichever shall occur first, or shall be waived.

D. Upon granting of a motion for continuance, the order granting such motion for continuance shall contain an order resetting the case for trial.

## Rule 3.19 Complex Case Designation:

The Court may at any time, in the interest of Justice, determine that the case is complex or recognize the circumstance which, upon its declaration or order, will classify the case as complex and thereafter the Court will invoke such standards as it believes are necessary to safeguard the rights of litigants to the just processing of the cases, pursuant to Rule 6(e) of the Rules of Judicial Administration of the Supreme Court of Texas and Section 72.002 and 74.024 c(1) of the Texas Government Code.

## Rule 3.20 Alternate Dispute Resolution:

In order to encourage the early settlement of disputes and to carry out the responsibilities of the Courts set out in section 154.003 of the Civil Practice and Remedies Code, appropriate alternative dispute resolution procedures will be encouraged and utilized.

## Rule 3.21 Pre-Trial and Scheduling Conferences:

A. A pre-trial conference may be held at the request of the Court or of any attorney/party in charge.

B. Status Conferences shall be scheduled on the Thursday approximately one hundred twenty (120) days from the date of the filing of a suit. Attorneys or pro se litigants shall either appear in person to report on the status of the case and assist in the preparation of a Docket Control Order including a final hearing date or shall submit an agreed Docket Control Order based on a trial date obtained from the court coordinator.

C. All deadlines in Docket Control Order shall be strictly adhered to and enforced by the Court. The deadline for discovery completion means that discovery request shall be filed early enough for the opposing party to have the response time allowed by the Texas Rule of Civil Procedure or a motion for extension of time shall be filed and a hearing held. Completion" means that all discovery shall be finished by that date. In the event that no appearance is made at the status conference and no communication made to the Court, the case shall be dismissed for want of prosecution.

## Rule 3.22 Settlements:

A. All trial counsel/parties are urged to make a bona fide effort to settle cases at the earliest possible date before trial.

4

B. The Court will expect counsel to confer with his/her client and with opposing counsel/parties concerning settlement and to recommend an offer which is in his/her professional opinion reasonable, unless in his professional opinion the case is not such as to justify any offer whatsoever.

C. When an attorney/party settles or dismisses a case, which is set for trial, he shall give notice to the Court Coordinator as soon as possible.

## Rule 3.23 Jury Charge Questions and Instructions:

Each party shall prepare in proper written form and present to the Court prior to or at the time of the jury selection, all jury charge questions and instructions which are raised by the pleadings and upon which the party has an affirmative burden.

## Rule 3.24 Certain Discovery Not Filed with the Court:

Discovery Not Filed: The listed discovery shall not be filed with the County Clerk except on special order of the Judge of the Court, unless filed with the original petition.

A. *Discovery materials not to be filed.* The following discovery materials must not be filed with the Clerk except on special order, unless filed with the original petition:
1. discovery requests, deposition notices, and subpoenas required to be served only on parties;
2. responses and objections to discovery requests and deposition notices, regardless on whom the requests or notices were served;
3. documents and tangible things produced in discovery;
4. statements prepared in compliance with Texas Rule of Civil Procedure 193.3 (b) or (d), and;
5. certificates of written discovery.

B. *Discovery materials to be filed.* The following discovery materials must be filed:
1. discovery requests, depositions notices, and subpoenas required to be served on nonparties;
2. motions and responses to motions pertaining to discovery matters, and;
3. agreements concerning discovery matters, to the extent necessary to comply with Texas Rule of Civil Procedure 11.

C. *Exceptions.* Notwithstanding paragraph (A)-
1. the court may order discovery materials to be filed;
2. a person may file discovery materials in support of or in opposition to a motion or for other use in a court proceeding, and;
3. a person may file discovery materials necessary for a proceeding in an appellate court.

## Rule 4
## Disposition of Family Law and Juvenile Cases
### (All rules for civil cases shall apply to family law cases unless specifically superseded by Local Rule 4.)

## Rule 4.1 General

A. All suits authorized under the Family code are docketed in County Court at Law Number One, County Court at Law Number Two, County Court at Law Number Three and the 306th District Court, filed by order of the 306th Family District Court. These rules shall be applicable to all family law cases filed in Galveston County.

B. Pleadings and other documents required to be filed with the clerk in family cases pending in the County Courts of Galveston County shall be filed with the Galveston County <u>District</u> Clerk.

## Rule 4.11 Time Standards for Family Law Case Disposition (per Rules of Judicial Administration):

A. **Family Law Cases.**
1. Case Information Statement. Each litigant shall complete a Case Information Statement from the District Clerk's Office which shall set the nature of the case, length of preparation time required, and other relevant data as found necessary by the court.
2. Contested Family Law Cases. The time standard for disposition of family cases shall be within 6 months from the appearance date or within 6 months from the expiration of the waiting period provided by the Family code where such is required, whichever is later.

5

3. Uncontested Family Law Cases. The time standard for disposition of family cases shall be within 3 months from the appearance date or within 3 months from the expiration of the waiting period provided by the Family Code where such is required, whichever is later.

**B. Juvenile Cases.**

In addition to the requirements of Title 3, Texas Juvenile Justice Code (TJJC):

1. All juvenile cases shall be tried before the Juvenile Referee pursuant to Section 54.10 TJJC except the following:
   a. Adjudicatory or Transfer (Waiver) Hearings pursuant to Section 54.02 TJJC (and the following time standards shall apply)
      1. concerning a juvenile in detention facility: Not later than 10 days following admission to such a facility, except for good cause shown of record, and;
      2. concerning a juvenile not in a detention facility: Not later than 30 days following the filing of the petition, except for good cause shown of record.
   b. Jury trials, which shall be tried at the county seat;

   c. Hearings provided by Sections 54.03, 54.04, and 54.05 TJJC shall be conducted by the judge if the grand jury approved a petition under Section 53.045 TJJC, and;

   d. Cases where the child and his/her attorney refuse to waive the hearing by a juvenile judge pursuant to 54.10 (a)(2).
2. The following time standards shall be met in all cases whether tried by a judge or referee:
   a. All initial detention hearings shall be heard on the next business day following the admission to the detention facility,
   b. All adjudication and modification hearings shall be held:
      1. not later than ten (10) working days after the initial detention hearing if the child is detained pending trial except for good cause shown of record.
      2. not later than thirty (30) days after the initial detention hearing if the child is released from detention pending trial.
   c. Disposition Hearing. Not later than 15 days following the Adjudicatory hearing. The Court may grant additional time in exceptional cases that require more complex evaluation.
3. Nothing herein shall prevent a judge from recessing a juvenile hearing at any stage of the proceedings where the parties are agreeable or when in the opinion of the judge presiding in the case the best interests of the child and of society shall be served.

C. Complex Cases.
It is recognized that in especially complex cases or special circumstances it may not be possible to adhere to these standards.


## Rule 4.12    Juvenile Disposition Provisions:

No provision is made in these rules for the disposition of juvenile cases other than as set out above, since juvenile cases are heard by the 306th Family District Court, and the County Courts . Rules for the disposition of juvenile cases will be adopted by the aforementioned courts.


## Rule 4.13    Financial Information Statements:

A.    All parties to any Divorce, Suit Affecting Parent Child Relationship, Modification or other case involving conservatorship, periods of possession or child support or spousal support shall file with the Clerk and all counsel and pro se parties prior to any trial or hearing in which support, finances, attorney's fees or the payment of any sort of expense is at issue, a Financial Information Statement and the two most recent pay stubs from all current employers. Compliance with this Rule may be by the completion of a Financial Information Statement in the form attached as Exhibit A to these Rules. Parties are responsible for accuracy and timeliness.

B.    In all family law cases involving Divorce, Suit Affecting Parent Child Relationship, modification or other case involving conservatorship, periods of possession or child support or spousal support, the following shall be included in all orders granted ex-parte setting a hearing on temporary orders involving any support or alimony or setting a hearing on support modification:
*All parties to this action shall file with the Clerk and deliver a copy to all counsel or pro se*

6

*parties a Financial Information Statement (FIS), and the two most recent pay stubs from all current employers.*

C. The Clerk shall attach a copy of the Financial Information Statement form attached as Exhibit A to these Rules to each Notice of Temporary Hearing or Citation on Modification which is served on a party and shall furnish a copy of same to each counsel or pro se party not served with the Order.

D. Each Financial Information Statement shall be signed by the Party. Counsel and parties are encouraged to prepare the Financial Information Statement in such a manner that it can be presented as evidence in lieu of direct testimony. Counsel and parties are encouraged to offer the same evidence.

E. All parties are required to file a Financial Information Statement as set out in these Rules. Failure of either party to file a Financial Information Statement may result in the court adopting as stipulated the information filed by the complying party. The non-complying party may be prohibited from contesting the accuracy of the information presented by the complying party. If both parties fail to comply with these Rules, the court may strike the case from the docket or continue the case.

## Rule 4.14 Mandatory Disclosure of Financial Information

A. **Temporary Orders**. In any hearing for temporary orders in which child support or spousal support is an issue, the parties shall without waiting for a discovery request, provide to the opposing counsel or pro se party prior to the start of the hearing Financial Information Statements, the two most recent pay stubs from all current employers, copies of income tax returns or requests for extensions for the past two years (including all schedules, forms W-2 and 1099 filed with the returns) and copies of form W-2 and 1099 for the prior year if a tax return has not yet been filed. A party who is self employed shall also provide the balance sheet and income statement for his or her business for the prior fiscal year and most recent month or period for which such reports have been prepared.

B. **Final Hearings**. The parties shall without waiting for a discovery request provide to the opposing counsel or pro se party at least seven days before the start of final trial the following documents:
  1. The documents described in Rule 4.14(A) and a Financial Information Statement in any case in which property division, attorney's fees, child support or spousal support is at issue;
  2. The most recent account statements pertaining to any retirement, IRA or 401k account and any account with any financial institution including, but not limited to, banks, credit unions, brokerage firms and savings & loans in any case in which property division is at issue:
  3. The most recent statements for any credit cards, loans or debts in any case in which property division is at issue; and
  4. A child support calculation in any case in which child support is at issue.

C. Failure to provide the above financial information may result in sanctions and/or exclusion of documents and information that should have been provided.

## Rule 4.15   Inventory and Appraisement:

A. Each party shall file a sworn inventory and appraisement by the later deadline set out in the docket control order or other order of the court, with a copy being filed with the clerk and furnished to all opposing counsel and pro se parties. The sworn inventory and appraisement of all property shall contain statements regarding both separate and community property of the parties, including any property belonging to children of the parties.

B. The failure to timely file such inventories and appraisements, may in addition to sanctions provided by law, result in the continuance of temporary alimony and/or support or the discontinuation of same, or dismissal of the case for want of prosecution, or the values and statements of the party filing same be taken as true with no evidence in opposition thereto being admitted.

C. In the event the parties file a written agreement completely settling the property division of the parties to such action and all custody and support matters, it shall not be necessary to file such inventories and appraisements.

## Rule 4.16 Request for Relief and Proposed Property Division

A. The parties shall provide to the opposing counsel or pro se party at least seven days before the start of final trial a detailed request for relief which sets forth in brief, summary form the affirmative relief each party is requesting.

7

B.   In any case in which property division is at issue, the parties shall provide to the opposing counsel or pro se party at least seven days before the start of final trial a proposed property division.

## Rule 4.2    Ex Parte Restraining Orders and Protective Orders:

## Rule 4.21  Ex Parte Restraining Orders

A.   In any application for a temporary restraining order, any portion of the requested restraining order that deviates from the verbatim language of a standard temporary restraining order shall be printed in bold typeface of at least 12 point size and shall be brought to the court's attention.
B.   Except upon good cause shown, all standard temporary restraining orders shall be mutual and restrain all parties to a suit.
C.   In all cases where there is counsel of record, or if petitioner's counsel is aware of any attorney representing the opposing party, the party filing for an ex parte restraining order or protective order or an extension of an ex parte order is required to notify opposing counsel prior to the filing thereof so opposing counsel may present any objections to the Court.
D.   Except in emergency situations wherein immediate orders are necessary, all ex parte restraining orders may be filed with the clerk who shall transport the files for signature each day at 10:00 a.m. and 2:00 p.m. If at all possible, the court coordinator shall accommodate the settings requested by attorneys or pro se party, by attachment thereto.

## Rule 4.22   Protective Orders
Except as otherwise provided by law, ex parte protective orders shall be granted only when presented by attorney accompanied by client.

## Rule 4.23   Ex Parte Orders Regarding Children
No ex parte order shall restrain a parent from having access to that person's child(ren) except upon affirmation showing that the interest of the children require such restraint.

## Rule 4.24    Temporary orders:
A.   Hearings on Temporary Orders and other matters assigned by the referring court shall be heard by an Associate Judge.
B.   Settings on Temporary Orders shall be made through the court coordinator of the referring court. The amount of time allotted for each such hearing shall be at the discretion of the Associate Judge.
C.   No record of such hearing shall be made unless a court reporter is provided by a party to the suit.
D.   All temporary orders shall be filed with the Clerk of the Court within twenty one (21) days of the hearing or the case shall be subject to dismissal. The entry date and time shall be set by the Associate Judge and shall ordinarily be fourteen (14) days from the date of the hearing. The party directed to draft the order based on the Associate Judge's ruling shall provide a draft of the order to all opposing counsel and pro se parties at least five (5) working days before the entry date. The parties shall, before the entry date, either submit through the clerk an order approved by all counsel or record or pro se parties or notify the court coordinator of the referring court that an entry hearing will be required on the date and time already set for the entry.
E.   If a timely request for de novo hearing of the Associate Judge's ruling is filed, there shall be no entry date and no order shall be submitted to the court until after the request for de novo hearing is disposed of.

## Rule 4.4    Status Conferences
Status Conferences in family law cases shall be conducted per Local Rule 3.21 above.

## Rule 4.5    Final Hearings:

## Rule 4.51   Docket Control Orders
A docket control order shall be issued in family law cases per Local Rule 3.21 above.

## Rule 4.52    Pre-Trial Conferences

A pretrial conference, if it is set, shall be set in the Docket Control Order or at a later date by the Court.

## Rule 4.53    Parenting Seminar

In all cases in which the conservatorship, rights and duties or possession of a child is at issue, the parties shall attend the parenting seminar "For Kid's Sake" or the equivalent thereof at their own expense and file proof thereof with the court and send a copy to the opposing party prior to the first mediation session. The seminar is not required in a termination case or a suit for adoption. A party who has recently attended the parenting seminar may move the court for a waiver of the requirement to attend the seminar as long as proof of the prior attendance is filed with the court in the pending action. Failure to attend the seminar may result in a find and may cause delay in the trial of the case or limitation of visitation privileges as well as an increased child support obligation to the party failing to comply. Information on registration for such programs is available at the Galveston County Law Library. A Court may, upon proper motion accompanied by a Financial Information Statement, waive or reduce the fee for the parenting seminar sponsored by the Mediation Board of Galveston County.

## Rule 4.54    Alternative Dispute Resolution:

A.    In all cases, prior to trial or by the date set forth in the Docket Control Order the parties shall engage in mediation at their own expense, of if they are unable to afford mediation, they may make application for subsidized mediation through the Galveston County Law Library as approved by the Galveston County Mediation Board prior to attending the mediation.

B.    Mediation is required prior to trial in all cases unless a party objects by filing a motion and, at the request of a party, a hearing is held and the Court orders that mediation is not required. If, after a hearing in accordance with Sections 6.602(d) and 153.0071(f) of the Texas Family Code, the Court refers a case to mediation, the Court shall order appropriate measures to ensure the physical and emotional safety of the party who filed the objection.

C.    All mediators shall have completed basic 40 hour mediation training and advanced family 24 hour mediation training. All mediators of Galveston County cases are subject to performing three (3) pro bono and/or subsidized mediations per year for Galveston County lawsuits.

## Rule 4.6    Other Matters

### Rule 4.61    Uncontested Matters:

The County Courts hold an uncontested docket each morning Monday through Friday unless posted otherwise on the court's web page. Attorneys or pro se parties should contact the District Clerk the day before appearing on an uncontested matter and request that the clerk bring the court's file to the courtroom.

### Rule 4.62    Default Judgments:

No default judgments in cases involving children or substantial real or personal property shall be granted without proof of attempted notice of final hearing to the opposing party.

### Rule 4.63    Exhibits:

All exhibits shall be pre-marked prior to beginning of a hearing or trial, including hearings on temporary orders.

### Rule 4.64    Continuances:

No continuances shall be granted, in any case, except upon good cause shown, in writing, signed by the attorneys and the clients and approved by the Court.

### Rule 4.65    Dead Week:

The week of the Advanced Family Law Course (usually in August) shall be a dead week for family law.

## Rule 4.66    Entry Date:

Entry date for all final orders and decrees is no later than 30 days after the hearing or trial at a specific time set by the Court unless granted an extension or assigned another Entry Date by the Court. Failure to appear may subject a case to be dismissed for want of prosecution. Generally, relief will not be granted until the entry of the final order. The party/counsel drafting the orders shall have the proposed orders to the opposing party/counsel at least five (5) business days prior to the entry hearing.

# Rule 5
# Collection Cases

The Galveston County Commissioners Court has established a Collections Department to aid in the collection of restitution, fines, fees and costs due on criminal judgments ordered in the courts of Galveston County. All defendants with judgments in non-probation cases and who are not ordered to jail to serve time, are required to report in person to the Collections Department to make payment. All defendants owing restitution, fines, fees and/or costs in non-probation cases and who are not ordered to jail to serve time, and who are unable to pay the judgment in full on the date of judgment, are required to report to the Collections Department on the date of judgment and make application for an extension of time to pay the balance. If approved, the Extension of Time Pay Agreement shall provide for payment of the balance in equal monthly installment payments providing the final payment is not to exceed 90 days from the date of judgment; or as determined by the Collection's Supervisor.

The Collections Department is considered an extension of the court and the defendant is not released on the date of judgment until such time as the Extension of Time to Pay Agreement is completed. Defendants who fail to report to the Collections Department on the date of judgment to pay in full or establish a written payment agreement are subject to arrest for collection of the judgment due in full.

# Rule 6
# Misdemeanor Criminal Cases

## Rule 6.1    Assignment of Misdemeanor Cases
A.      Except as otherwise provided in this Article, misdemeanor criminal cases filed by information are randomly assigned to each of the County Courts.
B.      Any new information against a defendant will be transferred to the Court in which a prior information was assigned.
C.      Any re-filed or amended information will be filed in the same Court in which the prior information was assigned.
D.      Any motion to revoke probation will be filed in the Court having granted probation.

## Rule 6.2    Attorneys
A.      Appointments – Attorneys wishing to receive appointments for criminal cases in the County Courts shall file any necessary documents as set forth in the Galveston County Indigent Defense Plan.
B.      Appointed counsel must immediately report any change in the status of their license to practice law in the State of Texas to the Office of Justice Administration and to the Court in which they are representing any client by virtue of a court appointment.
C.      The phrase "the Court" or "trial court" as set forth in Tx. Code Crim. Pro. Art. 1.051 shall refer to the elected judge of that Court, any visiting judge to the Court, or any magistrate designated by the Court for the purpose of performing the court's duties as set forth in that article.

## Rule 6.3    Dockets
A.      Misdemeanor bond docket call is every morning at scheduled times.
B.      Attorneys and their clients must be present.
C.      Misdemeanor jail docket is held each day at a time and place set by the Court. The Court may, at the Judges' discretion, make use of audio/video technology for the purpose of accepting misdemeanor pleas or uncontested matters. In such cases, it is required that the audio/video feed send two-way signals in order to provide that the defendant and the Judge are both visually and verbally able to communicate with each other. In addition, the audio/video signal received by the Court must be in a room open to the public, except in those specific cases where the Judge has ruled to close the proceedings.

### Rule 6.4    Motions/ Pre-Trial Hearings

A.    Each Court shall determine its own settings for pre-trial and trial.
B.    The defendant shall appear at each scheduled pre-trial hearing.
C.    All pre-trial motions, including motions in limine, must be filed by the set deadline, if any, unless an extension of time is granted by the Court for good cause shown.
D.    Each pre-trial motion that is set for hearing must succinctly state the relief sought, the facts pertinent to the motion, and supporting argument with authorities; must be signed by counsel and, where required, by the defendant; must be sworn to when required; must contain a certificate of service and consultation with opposing counsel and a statement that the matter raised in the motion was not resolved, or if no consultation was accomplished, an explanation thereof; must contain a notice the motion will be presented to the Court at the pre-trial hearing with or without evidence; and must contain a proposed order granting or denying the motion in full or in part.
E.    The Court may refuse to consider any pre-trial motion that fails to comply with these rules.
F.    Motions for continuance, whether by the State or the Defendant, must comply with the applicable law contained in the Code of Criminal Procedure and must be presented to and considered by the Court on or before the Friday before the scheduled trial date, unless agreed to by the parties and approved by the Court.
G.    Except for good cause shown and upon compliance with these rules, the Court shall not consider any motion for <u>continuance</u> on the scheduled trial date.

## Rule 7
## Jury Management

### Rule 7.10    Jury Plan:

The Galveston County Jury Plan III and Addendum, approved by the Commissioners Court and entered in the Minutes on February 25, 1981 and July 7, 1982, respectively, and the Galveston County Jury Plan V, approved by Commissioners Court and entered in the Minutes on February 20, 2007, is on file in the District Clerk's office.

### Rule 7.11    Impaneling Juries:

The Local Administrative District Judge, or a Judge designated by him, shall preside over the qualification of petit jurors and the assignment of jury panels to the various courts.

## Rule 8
## Judges vacations, absences and disqualification

### Rule 8.10    Vacations:

The Judge of each Court shall receive thirty days vacation time each year. Notice of vacation periods shall be provided the Local Administrative County Court at Law Judge and the County Clerk in advance. Judicial conferences and educational events are official duties and not to be considered as vacation; but notice shall be provided as above.

### Rule 8.2    Voluntary Recusal

After voluntary recusal by a presiding judge, the Local Administrative County Court at Law Judge shall reassign the case to another local judge, whenever possible. If the Local Administrative County Court at Law Judge, for good cause, is unable to reassign the case to another local judge, the Local Administrative County Court at Law Judge shall refer the case to the Presiding Judge of the Administrative Region.

### Rule 8.2.1    Assignment of Case

After assignment of a judge, the case may be transferred in accordance with local rules, unless the Court in which the case is pending has continuing exclusive jurisdiction. In the event the Court has continuing exclusive jurisdiction, the case must remain in the referring Court with the assigned judge sitting for the referring Court.

### Rule 8.2.2    Decline to Recuse

If the Presiding Judge declines to recuse, the Presiding Judge shall be subject to Texas Rules of Civil Procedures 18a and the Rules of the Second Administrative Judicial Region of Texas and must sign an order referring the case to the Presiding Judge of the Local Region. The Presiding Judge shall forward the order, along with the motion and all opposing and concurring statements to the Presiding Judge of the Local Region..

# Rule 9
## Media Rules of the County Courts - Civil Trial Division

Pursuant to Rule 18c(a) of the Texas Rules of Civil Procedure, the following Rules govern the recording and broadcasting of court proceedings before the County Courts of Galveston County, and their Masters (Associate Judges) and Referees.

## Rule 9.1    Policy:

The policy of these rules is to guarantee a just, fair, equitable and impartial adjudication of the rights of the litigants and allow an opportunity for electronic coverage of public civil court proceedings to facilitate the free flow of information to the public concerning the judicial system and to foster better public understanding about the administration of justice. These rules are to be construed to maintain the dignity, decorum, and impartiality of the court proceeding, while at the same time providing the greatest access possible.

## Rule 9.2    Definitions:

Certain terms are defined for purposes of these rules as follows:

**9.2.1**    "Court" means the particular judge or master who is presiding over the proceeding.

**9.2.2**    "Electronic media coverage" means any recording or broadcasting of court proceedings by the media using television, radio, photographic or recording equipment.

**9.2.3**    "Media" or "media agency" means any person or organization engaging in news gathering or reporting and includes any newspaper, radio or television station or network, news service, magazine, trade paper, in-house publication, professional journal, or other news reporting or news gathering agency.

## Rule 9.3    Electronic Media Coverage Permitted:

In each case, whether to allow electronic media coverage is at the discretion of the trial judge and the trial judge shall determine the appropriate scope of electronic media coverage permitted, if any.

**9.3.1**    Objections by any party to such scope of electronic media coverage shall be presented to the trial court for ruling.

## Rule 9.4    Electronic Media Coverage Prohibited:

**9.4.1**    Electronic media coverage of proceedings held in chambers, proceedings closed to the public, jury selection, and jury deliberation is prohibited.

**9.4.2**    Conferences between an attorney and client, witness or aide, between attorneys, or between counsel and the court at the bench shall not be recorded or received by sound equipment.

**9.4.3**    The restrictions and prohibitions in these rules may be waived by the express consent of the parties and all affected persons, with the approval of the court.

## Rule 9.5    Equipment and Personnel:

**9.5.1**    One television camera, one audio recording machine, and one still photographer are permitted. In appropriate circumstances, the court in its discretion may allow an unmanned second camera in the courtroom.

**9.5.2**    Equipment shall not produce distracting sound or light. Signal lights or devices which show when equipment is operating shall not be visible. Moving lights, flash attachments, or sudden lighting changes shall not be used.

**9.5.3**    Existing courtroom sound and lighting systems shall be used without modification unless the court specifically approves modification.

**9.5.4** Operators shall not move equipment while the court is in session, or otherwise cause a distraction. All equipment shall be in place in advance of the commencement of the proceeding or session that is the subject of the coverage.

**9.5.5** Media personnel operating outside the courtroom shall not create a distraction and shall withdraw whenever necessary to avoid restricting movement of persons passing through the courtroom door.

**9.5.6** Media logos or proprietary trademarks shall not be displayed on camera, microphones, other equipment used in court, or clothing or name tags on personnel.

## Rule 9.6　　Delay of Proceedings:

No proceeding or session will be delayed or continued for the sole purpose of allowing media coverage. Upon request, the court will inform media agencies of settings and will attempt to make the courtroom available in advance for the purpose of installing equipment.

## Rule 9.7　　Pooling:

If more than one media agency of one type wish to cover a proceeding or session, they shall make pool arrangements. If they are unable to agree, the court may deny all electronic media coverage by that type of media agency, or may designate one agency or one representative as pool coordinator, specifying such other conditions of pool coverage as may be necessary.

## Rule 9.8　　Official Record:

Films, videotapes, photographs or audio reproductions made in court proceedings shall not be considered part of the official court record.

## Rule 9.9　　Enforcement:

A violation of these rules by electronic media may be sanctioned by appropriate measures, including, without limitation, barring the particular person or agency from access to future electronic media coverage of proceedings in that courtroom for a defined period of time.

## Rule 10
## CONFLICTING ENGAGEMENTS OF ATTORNEYS

### Rule 10.1　Attorney Already in Trial in Another Court

10.1.1　Attorney already in trial in another Court. It is the duty of the attorney to notify the Court through its coordinator when the potential for this situation arises or when an attorney set for trial starts trial in another court.　When an attorney set for trial starts in another Court, the attorney shall notify the Court when and where assigned. Where and when assigned will be verified upon request of the opposing Party. The attorney shall have a continuing duty to keep the Court informed when release is anticipated and when it occurs. The case will be place on "hold" or reset, depending upon when the attorney will be released.

10.1.2　If the attorney is not actually in trial as represented by the attorney or agent, the case will be tried without further notice.

### Rule 10.2　Attorney Assigned in Two Courts for the Same Date:

10.2.1　It is the duty of the attorney to call the affected Judge's attention to all dual settings as soon as they are known.

10.2.2　Insofar as practicable, Judges should attempt to agree on which case has priority, otherwise the following priorities shall be observed by the Judges of the respective courts:

　　10.2.2.1 Criminal Cases
　　10.2.2.2 Cases given preference of Statute
　　10.2.2.3 Preferentially set cases
　　10.2.2.4 Case set at earliest date
　　10.2.2.5 Case with earliest filing date

10.2.2.6 Courts in metropolitan County areas should yield to Courts in rural County areas in all other instances of conflicting settings

10.2.2.7 In the event of unresolved conflict between two judges, the issue will be decided by the Local Administrative Judge(s) if in Galveston County, or the Regional Presiding Judge.

# Rule 11
# ATTORNEYS

## Rule 11 Attorney Vacations:

Each Attorney who desires to assure himself a vacation for a period not to exceed four weeks may do so automatically by designating the four weeks, in writing, addressed and mailed or delivered to the District Clerk, the County Clerk, and each court in which counsel practices thirty days in advance, except that in the event an attorney already has a setting at the time the vacation notice is filed, there is no automatic assurance, and a motion for continuance needs to be filed and a ruling obtained. If the attorney who files a vacation letter has previously agreed to a jury trial setting that is during the time period covered by the vacation notice, the Court is not required to grant a continuance.

# Rule 12
# ELECTRONIC FILING OF COURT DOCUMENTS

## PART 1. GENERAL PROVISIONS

### 12.1.1 Purpose

These rules govern the electronic filing and service of court documents, by any method other than fax filing, in Galveston County. These rules are adopted pursuant to Rule 3a of the Texas Rules of Civil Procedure and may be known as the "Galveston County Local Rules of the County Courts Concerning the Electronic Filing of Court Documents."

### 12.1.2 Effect on Existing Local Rules

These rules are adopted in addition to any other local rules of the county courts in Galveston County. These rules do not supersede or replace any previously adopted local rules. These rules are in addition to current local rules regarding electronic court documents (fax filing).

### 12.1.3 Electronic Filing Optional Unless Ordered by Court

(a) Except as provided by subsection (b) below, the electronic filing and serving of court documents is wholly optional.

(b) Upon the motion of a party and for good cause shown, a county court may order the parties in a particular case to electronically file and serve court documents that are permitted to be electronically filed under Rule 12.3.3.

## PART 2. DEFINITIONS

### 12.2.1 Specific Terms

The following definitions apply to these rules:

14

(a) "Convenience fee" is a fee charged in connection with electronic filing that is in addition to regular filing fees. A Convenience Fee charged by the Clerk will be considered as a court cost.

(b) "Clerk" means the County Clerk of Galveston County.

(c) "Digitized signature" means a graphic image of a handwritten signature.

(d) "Document" means a pleading, plea, motion, application, request, exhibit, brief, memorandum of law, paper, or other instrument in paper form or electronic form. The term does not include court orders.

(e) "Electronic filing" is a process by which a filer files a court document with the Clerk's office by means of an online computer transmission of the document in electronic form. For purposes of these rules, the process does not include the filing of faxed documents which is described as the "electronic filing of documents" in Section 51.801, Government Code.

(f) "Electronic filing service provider (EFSP)" is a business entity that provides electronic filing services and support to its customers (filers). An attorney or law firm may act as an EFSP.

(g) "Electronic order" means a computerized, non-paper court order that a judge signs by applying his or her digitized signature to the order. A digitized signature is a graphic image of the judge's handwritten signature.

(h) "Electronic service" is a method of serving a document upon a party in a case by electronically transmitting the document to that party's e-mail address.

(i) "Electronically file" means to file a document by means of electronic filing.

(j) "Electronically serve" means to serve a document by means of electronic service.

(k) "Filer" means a person who files a document, including an attorney.

(l) "Party" means a person appearing in any case or proceeding, whether represented or appearing pro se, or an attorney of record for a party in any case or proceeding.

(m) "Regular filing fees" are those filing fees charged in connection with traditional filing.

(n) "Rules" are the Galveston County Local Rules of the County Courts concerning the Electronic Filing of Documents.

(o) "Traditional court order" means a court order that is on paper.

(p) "Traditional filing" is a process by which a filer files a paper document with a clerk or a judge.

15

## 12.2.2 Application to Pro Se Litigants

The term "counsel" shall apply to an individual litigant in the event a party appears pro se.

# PART 3. APPLICABILITY

## 12.3.1 Scope

(a) These rules apply to the filing of documents in all non-juvenile civil cases, including cases that are appeals from lower courts, before the various county courts with jurisdiction in Galveston County.

(b) These rules apply to the filing of documents in cases before the various county courts referred to in paragraph (a) above that are subsequently assigned to associate judges or any other similar judicial authorities.

## 12.3.2 Clerks

These rules apply only to the filing of documents with the county clerk. These rules do not apply to the filing of documents directly with a judge as contemplated by TEX. R. CIV. P. 74.

## 12.3.3 Documents That May Be Electronically Filed

(a) A document that can be filed in a traditional manner with the county clerk may be electronically filed with the exception of the following documents:

i) citations or writs bearing the seal of the court;
ii) returns of citation;
iii) bonds;
iv) subpoenas;
v) proof of service of subpoenas;
vi) documents to be presented to a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents;
vii) documents sealed pursuant to TEX. R. CIV. P. 76a, and;
viii) documents to which access is otherwise restricted by law or court order, including a document filed in a proceeding under Chapter 33, Family Code.

(b) A motion to have a document sealed, as well as any response to such a motion, may be electronically filed.

## 12.3.4. Documents Containing Signatures

(a) A document that is required to be verified, notarized, acknowledged, sworn to, or made under oath may be electronically filed only as a scanned image.

(b) A document that requires the signatures of opposing parties (such as a Rule 11

16

agreement) may be electronically filed only as a scanned image.

(c) Any affidavit or other paper described in Rule 12.3.4(a) or (b) that is to be attached to an electronically–filed document may be scanned and electronically filed along with the underlying document.

(d) Where a filer has electronically filed a scanned image under this rule, a court may require the filer to properly file the document in a traditional manner with the Clerk. A third party may request the court in which the matter is pending to allow inspection of a document maintained by the filer.

## PART 4. FILING MECHANICS

### 12.4.1 Texas.gov

(a) Texas.gov is a project of the Department of Information Resources Board, a state entity charged with establishing a common electronic infrastructure through which state agencies and local governments may electronically send and receive documents and required payments.

(b) To become registered to electronically file documents, filers must follow registration procedures outlined by Texas.gov. The procedure can be accessed from Texas.gov's website at www.Texas.gov

(c) Filers do not electronically file documents directly with the county clerk. Rather, filers indirectly file a document with the county clerk by electronically transmitting the document to an electronic filing service provider (EFSP) which then electronically transmits the document to Texas.gov which then electronically transmits the document to the county clerk. A filer filing or serving a document must have a valid account with an EFSP and with Texas.gov

(d) Consistent with standards promulgated by the Judicial Committee on Information Technology (JCIT), Texas.gov will specify the permissible formats for documents that will be electronically filed and electronically served.

(e) Filers who electronically file documents will pay regular filing fees to the Clerk indirectly through Texas.gov by a method set forth by Texas.gov.

(f) An EFSP may charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees.

(g) Texas.gov will charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees and will be in an amount not to exceed the amount approved by the Department of Information Resources Board.

(h) The Clerk may charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees, credit card fees, or other fees.

## 12.4.2 Signatures

(a) Upon completion of the initial registration procedures, each filer will be issued a confidential and unique electronic identifier. Each filer must use his or her identifier in order to electronically file documents. Use of the identifier to electronically file documents constitutes a "digital signature" on the particular document.

(b) The attachment of a digital signature on an electronically-filed document is deemed to constitute a signature on the document for purposes of signature requirements imposed by the Texas Rules of Civil Procedure or any other law. The person whose name appears first in the signature block of an initial pleading is deemed to be the attorney in charge for the purposes of Texas Rules of Civil Procedure 8, unless otherwise designated. The digital signature on any document filed is deemed to be the signature of the attorney whose name appears first in the signature block of the document for the purpose of Texas Rules of Civil Procedure 13 and 57.

(c) A digital signature on an electronically-filed document is deemed to constitute a signature by the filer for the purpose of authorizing the payment of document filing fees.

## 12.4.3 Time Document is Filed

(a) A filer may electronically transmit a document through an EFSP to Texas.gov 24 hours per day each and every day of the year, except during brief periods of state-approved scheduled maintenance which will usually occur in the early hours of Sunday morning.

(b) Upon sending an electronically-transmitted document to a filer's EFSP, the filer is deemed to have delivered the document to the clerk and, subject to Rule 4.3(h), the document is deemed to be filed. If a document is electronically transmitted to the filer's EFSP and is electronically transmitted on or before the last day for filing the same, the document, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time. A transmission report by the filer to the filer's EFSP shall be prima facie evidence of date and time of transmission.

(c) On receipt of a filer's document, the filer's EFSP must send the document to Texas.gov in the required electronic file format along with an indication of the time the filer sent the document to the EFSP and the filer's payment information. Texas.gov will electronically transmit to the filer an "acknowledgment" that the document has been received by Texas.gov. The acknowledgment will note the date and time that the electronically-transmitted document was received by Texas.gov.

(d) Upon receiving a document from a filer's EFSP, Texas.gov shall electronically transmit the document to the Clerk. If the document was not properly formatted, Texas.gov will transmit a warning to the filer's EFSP.

(e) Not later than the first business day after receiving a document from Texas.gov, the Clerk shall decide whether the document will be accepted for filing. The Clerk shall accept the document for filing provided that the document is not misdirected

and complies with all filing requirements. The Clerk shall handle electronically-transmitted documents that are filed in connection with an affidavit of inability to afford court costs in the manner required by TEX. R. CIV. P. 145. If the clerk fails to accept or reject a document within the time period, the document is deemed to have been accepted and filed.

(f) If the document is accepted for filing, the Clerk shall note the date and time of filing which, with the exception of subsection (h) below, shall be the date and time that the filer transmitted the document to the filer's EFSP. The Clerk shall inform Texas.gov of its action the same day action is taken. Texas.gov shall, on that same day, electronically transmit to the filer's EFSP a "confirmation" that the document has been accepted for filing by the district clerk. The EFSP will electronically transmit the confirmation to the filer. This confirmation will include an electronically "file-marked" copy of the front page of the document showing the date and time the Clerk considers the document to have been filed.

(g) If the document is not accepted for filing, the Clerk shall inform Texas.gov of its action, and the reason for such action, the same day action is taken. Texas.gov shall, on that same day, electronically transmit to the filer's EFSP an "alert" that the document was not accepted along with the reason the document was not accepted. The EFSP will electronically transmit the alert to the filer.

(h) Except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings, documents that serve to commence a civil suit will not be deemed to have been filed on Sunday when the document is electronically transmitted to the filer's EFSP, Texas.gov, or the Clerk on Sunday. Such documents will be deemed to have been filed on the succeeding Monday.

### 12.4.4 Filing Deadlines Not Altered

The electronic filing of a document does not alter any filing deadlines.

### 12.4.5 Multiple Documents

(a) Except as provided by subsection (b) below, a filer may include only one document in an electronic transmission to Texas.gov.

(b) A filer may electronically transmit a document to Texas.gov that includes another document as an attachment (e.g., a motion to which is attached a brief in support of the motion).

### 12.4.6 Official Document

(a) The Clerk's file for a particular case may contain a combination of electronically-filed documents and traditionally-filed documents.

(b) The Clerk may maintain and make available electronically-filed documents in any manner allowed by law.

## 12.4.7 E-mail Address Required

In addition to the information required on a pleading by TEX. R. CIV. P. 57, a filer must include an e-mail address on any electronically-filed document.

## 12.4.8 Document Format

(a) Electronically-filed documents must be computer-formatted as specified by Texas.gov. Electronically-filed documents must also be formatted for printing on 8 ½-inch by 11-inch paper.

(b) An electronically-filed pleading is deemed to comply with TEX. R. CIV. P. 45.

## PART 5. SERVICE OF DOCUMENTS OTHER THAN CITATION

## 12.5.1 Electronic Service of Documents Permissible

(a) In addition to the methods of serving documents (other than the citation to be served upon the filing of a cause of action) set forth in TEX. R. CIV. P. 21a, a filer may serve documents upon another party in the case by electronically transmitting the document to that party at the party's email address. Service in such a manner is known as "electronic service," and is permissible in the circumstances set out in paragraph (b) below.

(b) Documents may be electronically served upon a party only where that party has agreed to receive electronic service or where the court has ordered the parties to electronically serve documents.

(c) By virtue of electronically filing a document or serving a document or by agreeing to accept service, a filer additionally agrees to provide information regarding any change in his or her e-mail address to Texas.gov, the district clerk, and all parties in the case.

(d) A party who electronically files a document is not required to electronically serve documents upon other parties unless the court has ordered the parties to electronically serve documents.

(e) A filer may electronically serve a document in instances where the document is traditionally filed as well as in instances where the document is electronically filed.

## 12.5.2 Completion of Service and Date of Service

(a) Electronic service shall be complete upon transmission of the document by the filer to the party at the party's e-mail address.

(b) Except as provided by subsection (c) below, the date of service shall be the date the electronic service is complete.

(c) When electronic service is complete after 5:00 p.m. (recipient's time), then the date of

20

service shall be deemed to be the next day that is not a Saturday, Sunday or legal holiday.

## 12.5.3 Time for Action After Service

Whenever a party has the right or is required to do some act within a prescribed period of time after service of a document upon the party and that document is electronically served, then three days shall be added to the prescribed period of time.

## 12.5.4 Certification of Service

(a) Documents to be electronically served upon another party shall be served before the time or at the same time that the document is filed.

(b) A filer who electronically serves a document upon another party shall make a written certification of such service that shall accompany the document when that document is filed. The written certification shall include, in addition to any other requirements imposed by the Texas Rules of Civil Procedure, the following:

> (i) the filer's e-mail address or telecopier (facsimile machine) number;

> (ii) the recipient's e-mail address;

> (iii) the date and time of electronic service; and

> (iv) a statement that the document was electronically served and that the electronic transmission was reported as complete.

## PART 6. ELECTRONIC ORDERS AND VIEWING OF ELECTRONICALLY-FILED DOCUMENTS

## 12.6.1 Courts Authorized to Make Electronic Orders

(a) A judge may electronically sign an order by applying his or her digitized signature to the order. Judges are not required to electronically sign orders.

(b) Upon electronically signing an order, the judge shall electronically forward the order to the Clerk who may treat the electronic order as the official copy of the order. Alternatively, the Clerk may print the electronic order and treat the printed order as the official copy of the order.

(c) The Clerk may electronically scan a traditional court order. The scanned court order may then serve as the official copy of the court order. The Clerk is not required to electronically scan traditional court orders in order to create official electronic court orders. Electronic scanning of traditional court orders is at the option of the district clerk.

## 12.6.2 Viewing of Electronically-filed Documents

(a) The Clerk shall ensure that all the records of the court, except those made

confidential or privileged by law or statute, may be viewed in some format by all persons for free.

(b) Independent of the Texas.gov system and the requirement of viewing access described in subsection (a), the Clerk may choose to provide for both filers and the general public to electronically view documents or court orders that have been electronically filed or scanned. Where such provision has been made, persons may electronically view documents or court orders that have been electronically filed or scanned.

(c) Nothing in this rule allows for the viewing of documents or court orders, in any form, that are legally confidential (e.g., papers in mental health proceedings) or otherwise restricted by judicial rule or order.

## PART 7. MISCELLANEOUS PROVISIONS

### 12.7.1 Assigned Court to Resolve Disputes

In the event a dispute should arise involving the application of these rules or various electronic filing issues, a county court assigned in accordance with local assignment procedures shall decide any dispute.

### 12.7.2. Rule Guiding Interpretation.
These rules shall be liberally construed so as to avoid undue prejudice to any person on account of using the electronic filing system or sending or receiving electronic service in good faith.

## Rule 13
### Adoption, Amendment, Notice

## Rule 13.1
These rules may be amended by majority vote of the County Court at Law Judges, provided:

  A.  that any proposed rule or amendment shall not be inconsistent with rules adopted by the Supreme Court of Texas or with any rule of the Administrative Judicial District in which the Court is located; and,
  B.  any proposed rule or amendment shall not become effective until it is submitted and approved by the Supreme Court of Texas; and,
  C.  any proposed rule or amendment shall not become effective until at least thirty days after its publication in a manner reasonably calculated to bring it to the attention of attorneys practicing before the court or courts for which it is made, and
  D.  all rules adopted and approved in accordance herewith are made available upon request to members of the Bar and the public.

## Rule 14
### Electronically Transmitted Court Documents
### (FACSIMILE)

## Rule 14.10     Receiving and Filing

The following rules govern the procedure for the County Clerk of Galveston County and District Clerk of Galveston County ("the clerk") to receive and file electronically transmitted court documents.

A.  The clerk is authorized to accept for filing via electronic transmission any document which might be filed in a court action except: (a) returns of service on issuances; (b) bonds; (c) signed orders or judgments. As of July 19, 1990, by order of the Supreme Court of Texas, facsimile transmission of judicial assignments may be accepted with original copies being retained by the Office of the Chief Justice or Administrative Judicial Region.

B.  Documents electronically transmitted for filing will be received by the clerk on a plain paper facsimile and printed by a laser printer, thereby rendering the copy of archival quality. No document printed on thermal paper shall be filed.

C.  No document electronically transmitted shall be accepted by the clerk for filing until court costs and fees have been paid. Court costs and fees may be paid through an escrow account established with the clerk. Documents tendered to the clerk electronically without payment of court costs and fees, or with incomplete information on the charge authorization or request, or which do not conform to applicable rules, will not be filed.

D.  A fee schedule for electronic filing shall be adopted annually by the clerk and approved by the local courts.

E.  An electronically transmitted document accepted for filing will be recognized as the original record for file or for evidentiary purposes when it bears the clerk's official date and time file stamp.

F.  Every document electronically transmitted for filing shall conform to the requirements for filing established by the Texas Rules of Civil Procedure, i.e., shall be on paper measuring approximately 8-1/2 x 11 inches, shall be signed individually by the party or the party's attorney of record, and shall contain that individual's State Bar of Texas identification number, if any, address, telephone number and telecopier number. The quality of the original hard copy shall be clear and dark enough to transmit legibly.

G.  The sender shall maintain the original of the document with original signature affixed as required by section 51.806, Texas Government Code.

H.  A cover sheet must accompany every transmission which shall: (a) clearly identify the sender, the documents being transmitted, and the number of pages; (b) have clear and concise instructions concerning the issuance or other request; and (c) have complete information on the charge authorization or escrow account debit for court costs and fees.

I.  The clerk, upon receipt of an electronically transmitted document, shall verify the completeness of the transmission.

J.  The clerk, when satisfied that the transmission is complete, shall confirm the charge authorization or escrow account debit and note the authorization code on the cost receipt. Thereafter, the documents tendered electronically shall be deemed accepted for filing and the clerk shall affix the clerk's official date and time file stamp to the document.

K.  If the transmission is found to be incomplete or court costs or fees, if required, are not paid, the clerk will notify the sender as soon as practicable that the transmission has not been filed and the reason.

L.  After filing an electronically transmitted document the clerk will electronically transmit to the sender an acknowledgment of the filing, together with cost receipt, if any.

M.  No citation or writ bearing the official seal of the court may be transmitted electronically.

N.  Electronic transmission of a document does not constitute filing. Filing is complete when the clerk's official date and time stamp is affixed to the document.

O.  Each page of any document received by the clerk will be automatically imprinted with the date and time of receipt. The date and time imprinted on the last page of a document will determine the time of receipt but not time of filing. Transmissions completed during a normal business day before 5:00 p.m. and accepted for filing will be filed the day of receipt. Transmissions completed after 5:00 p.m., on weekends or holidays will be verified and filed before 10:00 a.m. on the first business day following receipt of transmission. The sender is responsible for determining if there are any charges in normal business hours.

# Rule 15

## Ad Litem Appointments

# Rule 15.1

Pursuant to Section 74.092 of the Government Code, the Local Administrative Judges shall establish and maintain a list of all attorneys qualified to serve as an attorney ad litem. The list of attorneys ad litem maintained under Subsection (a)(11) must contain the names of all attorneys who: (1) meet any statutory or other requirements to serve as an attorney ad litem; and (2) have registered to serve as attorney ad litem with a court for which the judge maintaining the list serves as local administrative judge. Application for inclusion to the Galveston County Ad

Litem list should be made on the form approved by the Local Administrative Judges and available through the Office of Justice Administration of Galveston County.

## Adoption

Upon approval by a majority vote of the County Court at Law Judges of Galveston County, and subject to the approval by the Supreme Court of Texas, these rules shall become effective May 01, 2011 and so long thereafter until amended, repealed or modified by order of the County Courts at Law. All existing Local Rules previously governing the management of the Court dockets shall be repealed on the effective date of these rules. Each numbered or lettered paragraph of these rules shall be considered to be separate and distinct from all other portions hereof, and if any portion should be declared by a higher Court to be improper, such declaration will not affect any other portion not so declared to be improper.

The District Clerk is directed to furnish a copy of these rules to the Supreme Court of Texas, pursuant to Rule 3a of the Texas Rules of Civil Procedure, and to record these rules in the Civil Minutes of the 10th, 56th, 122nd, 212th, 306th and 405th District Courts, County Court At Law #1, County Court At Law #2, County Court at Law #3 and the Probate Court.

The County Clerk is directed to furnish a copy of these rules to the Supreme Court of Texas, pursuant to Rule 3a of the Texas Rules of Civil Procedure, and to record these rules in the Civil Minutes of the County Court At Law #1, County Court At Law #2, County Court at Law #3 and the Probate Court.

Adopted this the ___ day of April, 2011, to become effective on May 01, 2011 or upon approval by the Supreme Court of Texas, whichever is later.

_____          _____
Hon. John Grady                                                     Hon. Barbara E. Roberts
County Court at Law #1                                         County Court at Law #2

_____
Hon. Christopher Dupuy
County Court at Law #3

This document filed with JASON MURRAY, District Clerk of Galveston County, Texas on the ___ day of _____ 2011.

This document filed with DWIGHT SULLIVAN, County Clerk of Galveston County, Texas on the ___ day of _____ 2011.

JASON E. MURRAY
CLERK DISTRICT COURT
FILED

APR 20 2011

GALVESTON COUNTY, TEXAS
BY_____
DEPUTY

RECEIVED 11 APR 20 PM 1:46
COUNTY CLERK
GALVESTON COUNTY, TEXAS

24

# AMENDED LOCAL RULES OF THE DISTRICT COURTS FOR GALVESTON COUNTY, TEXAS

## Purpose

The Local Rules of Galveston County have as their primary purpose the management of the court dockets sensibly, efficiently and most important fairly. Their object is to be an understandable aid to the just disposition of cases without unnecessary delay or expense.

## Rule 1
## General

### Rule 1.10   Time Standards for Case Disposition:

Pursuant to Article 5, Section 31 of the Texas Constitution, Sections 22.004, 72.002 (2) and 74.024 of the Texas Government Code, Title 3 of the Texas Family Code, Rule 6 of the Rules of Judicial Administration, and Rules [1, 3, 4 and 5] of the Regional Rules of Judicial Administration, time standards have been established to which reference is made for all purposes, as they now exist, or as they may be hereafter amended.

### Rule 1.11  Court Sessions; Annual Calendars; Jury Weeks; Non Jury Weeks; Criminal; Civil; Weeks not in Session; Holidays:

The Courts shall publish a calendar for each year setting out the civil and criminal jury weeks and the non-jury weeks within which they will be making their settings. The calendar will be published by September 1 of the preceding year and will be followed except when the court in its discretion deems it inappropriate.

## Rule 2
## Local Administrative Judge

### Rule 2.10   Powers and Duties of Local Administrative District Judge:

A.   Election of the Local Administrative Judge.
   1.   Pursuant to Section 74.091 of the Texas Government Code and Rule of Judicial Administration 9, a majority of the District Judges will elect a Local Administrative District Judge for a two-year term at the January meeting in 1993 and at the January meeting of each second year thereafter.
   2.   The Local Administrative District Judge will have all duties and the responsibility for attending to emergency and special matters of the District Courts pursuant to Rules 9 and 10 (d) of the Rules of Judicial Administration.
B.   Meetings of the Judges of the County.
   1.   The local Administrative District Judges or a majority of the Judges shall call meetings of the Judges at least once each month and as needed.
   2.   The Local Administrative District Judge shall preside over such meetings and in his absence a temporary Chairman may be elected by a majority of the quorum to preside over such meetings.

## Rule 3
## Civil Cases

### Rule 3.10   Filing and Assignment of Cases:

Civil suits, except for Family Law Cases, are docketed in the 10th, 56th, 122nd, 212th and 405th District Courts. Workers compensation cases and Waiver of Parental Notification before Abortion cases, however, are also docketed in County Court Number One, County Court Number Two, County Court Number Three and the Probate Court in rotation with the District Courts (including the 306th District Court). With the exception of civil bond forfeiture cases, all civil cases filed in the 10th, 56th, 122nd, 212th and 405th District Courts shall be assigned randomly to the dockets of those Courts. Once assigned to a Court, a case will remain on the docket of that Court for all purposes unless transferred as hereinafter provided. Civil bond forfeiture cases shall be filed in the court where the underlying

criminal case is filed. In the event that a new General Jurisdiction District Court is created by law, then that court shall have civil cases randomly filed in the manner prescribed above.

## Rule 3.11 Transfer of Cases; Docket Exchange; Bench Exchange:

A. After assignment to a particular Court a case may be transferred to another Court by order of the Judge of the Court in which the case is pending with the consent of the Judge of the Court to which it is transferred; or by order of the Local Administrative District Judge.

B. The Courts may at any time exchange cases and Benches to accommodate their dockets or to specialize the Court's trials.

C. Prior Judgment. Any claim for relief based upon judgment shall be assigned to the Court of original judgment.

D. Non Suit. If a case is filed in which there is a substantial identity of parties and causes of action as in a non-suited case, the later case shall be assigned to the Court where the prior case was pending.

E. Consolidation. A motion to consolidate cases shall be heard in the Court where the lowest numbered case is pending. If the motion is granted, the consolidated case will be given the number of the lowest number case and assigned to that Court.

F. Severance. If a severance is granted, the new case will be assigned to the Court where the original case is pending, bearing the same file date and the same number as the original case with a letter designation; provided, however, when a severed case has previously been consolidated from another Court, the case shall upon severance be assigned to the Court from which it was consolidated.

G. Presiding for another. In all cases where a judge presides for another Court, the case shall remain pending in the original Court. In any hearing on a motion for contempt, however, the Judge who issued the order which is claimed to have been disobeyed must preside over the motion for contempt hearing, except as otherwise provided in Section. 21.002, Texas Government Code.

H. Fair Distribution. The Local Administrative District Judge may transfer cases between District Courts in the manner provided above or may transfer or assign cases from one Court to another Court for hearing if the Local Administrative District Judge finds that a Court has an inequitable burden due to illness, trial schedule, unequal caseload, to equalize caseloads in the event a new District Court is created by law, or for other sufficient reasons.

I. Improper Court. If a case is on the docket of a Court by any manner other than as prescribed by these rules, the Local Administrative District Judge shall transfer the case to the proper Court.

J. Rules related to the transfer and assignment of any civil case is exercised freely between all courts having concurrent jurisdiction in civil matters.

## Rule 3.12 Request for Non-Jury Setting:

A. All requests for the scheduling of appearances for the Court for any purpose will be made by contacting the Court Coordinator who will arrange an appropriate time to appear before the Court.

B. Requests for hearing shall be made to the Court in which the matter is pending, in accordance with these rules, and the parties making such request shall serve all other parties with notice of the date and hour set for hearing and of the particular matter which will be considered at such time.

## Rule 3.13 Request for Jury Setting:

A. Demand for a trial by Jury shall not be occasion for advancement or substantial delay of the trial or of any other proceeding in the case, nor for transfer of the case to another Court.

B. If the case is already set for non-jury trial when such demand is made, the Court may try the case with a jury on the same setting, add the case to the list of jury cases for the following week, or set it at some other convenient time.

C. All requests for the scheduling of appearances for the Court for any purpose will be made by contacting the Court Coordinator who will arrange an appropriate time to appear before the Court, and the parties making such request shall serve notice to all parties for the date and hour set for hearing and of the particular matter which will be considered at such time.

2

## Rule 3.14 Setting and Assignment of Cases for Trial:

Cases shall be set for trial by order of the Court, upon request of a party, on the Court's own motion or by docket control order. Cases shall be set for trial for a date certain. If a case is not assigned to trial, whether because of a continuance or because it is not reached by the second Friday after the date it is set, the Court shall reset the case to a date certain. Unless all parties agree otherwise, all settings must comply with all requisites of T.R.C.P. 245. A case is assigned to trial when counsel are called to the Court to commence the jury or non-jury trial on the merits. For purposes of engaged counsel, no Court may have more than one case assigned to trial at any one time.

## Rule 3.15 Conflicting Settings and Assignments of Counsel:

A. The Rules of Judicial Administration of the Administrative Region apply and control.

B. Attorney already in trial in another Court. It is the duty of the attorney to notify the Court through its coordinator when the potential for this situation arises or when an attorney set for trial starts trial in another court. When an attorney set for trial starts in another Court, the attorney shall notify the Court when and where assigned. Where and when assigned will be verified upon request of the opposing Party. The attorney shall have a continuing duty to keep the Court informed when release is anticipated and when it occurs.

C. Attorney assigned to two courts for the same date. (1) It is the duty of an attorney to call the affected Judges' attention to all dual settings as soon as they are known. (2) Insofar as practicable, Judges should attempt to agree on which case has priority, otherwise, the following priorities shall be observed by the Judges of the respective courts:

   a. Cases given preference by statute.
   b. Criminal actions against defendants detained in jail
   c. Criminal and Juvenile cases.
   d. Preferentially set cases.
   e. Case with earliest filing date (oldest case).
   f. Court in multi-judge counties should yield to courts in rural counties in all other instances of conflicting settings.

D. If any lawyer's caseload becomes a disruption to the orderly flow of a Jury Docket, the Court may limit the number of set cases in which the lawyer can be the attorney in charge and require designation of another attorney in charge for other set cases.

## Rule 3.16 Dismissal Docket; Involuntary Dismissals:

A. All cases not set for trial or other hearings which have been on file for more than 24 months from the appearance date shall be placed on the Drop Docket by the District Clerk under the direction of the Court.

B. All cases on file more than 12 months in which no answer has been filed shall be placed on the Drop Docket by the District Clerk under the direction of the Court.

C. When a case has been placed on the Drop Docket as above provided, the District Clerk shall promptly send a notice of the Court's intention to dismiss for want of prosecution. Notice of the Court's intention to dismiss shall be sent by the Clerk to each attorney of record, and to each party not represented by an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service. A copy of such notice shall be filed with the papers of the cause with notation thereon made by the District Clerk showing the name and address of all counsel of parties to whom notice was mailed and the date of mailing.

D. Unless a written motion to retain has been filed prior to the expiration of thirty days after the mailing by the District Clerk of the notice of intention to dismiss such case shall be dismissed for want of prosecution. Notice of the signing of the Order of Dismissal shall be given as required by Rule 165a T.R.C.P.. Failure to mail notices as set out above shall not effect any of the periods mentioned in Rule 306a except as provided in that rule.

E. A motion for reinstatement after dismissal shall follow the procedure and be governed by the provisions of Rule 165a Texas Rules of Civil Procedures relating to reinstatement.

F. All other provisions for Dismissal of cases under Rule 165a of Texas Rules of Civil Procedure shall apply.

## Rule 3.17 Hearings on Pre-Trial, Motions, Exceptions and Pleas:

A. Form. Motions should be filed with the District Clerk's office, not the Court. Motions shall be in writing and shall be accompanied by a proposed order granting the relief sought. The proposed order shall be a separate instrument, unless the entire motion, order, signature lines and certificate of service are all on one page.

B. Submission. Acceptance of motions by submission is at the discretion of each district court. Motions shall be accompanied by a blank notice of submission. The Court will complete the notice and fax it back to the requesting party stating a date of submission not sooner than 10 days from the setting date, except on leave of the Court. The party filing the motion is responsible for notifying all parties of the submission date. Motions will not be considered without proof of notice of the submission date. The motion will be submitted to the Court for ruling on that date or later.

C. Response. Responses shall be in writing, and shall be filed at least two working days before the date of submission except on leave of the Court. Failure to file a response may be considered a representation of no opposition.

D. Oral argument. The motion or response shall include a request for oral argument if a party views it as necessary. The Court may grant that request or it may order oral argument on its own motion. A request for an oral argument is not a response under Rule3.17 ( c ). Except where required by statute, the Court may in its discretion, disregard a request for oral hearing and rule upon the motion set by submission.

E. Certificate of conference. Opposed motions and responses shall:
   1. Be in writing.
   2. Be accompanied by a separate form order granting or denying the relief; and
   3. Contain a certificate that Movant and Respondent have conferred with each other and in good faith attempted to resolve the matter.

F. If no oral hearing has been requested or the Court finds no necessity for an oral hearing, the Court, in the absence of counsel, shall examine the pleadings, identify the basis of the disagreement between counsel; authorities cited, and other papers and make such rulings, as the Judge deems proper. Copies of all orders signed shall be forwarded to all counsel at the time they are entered by the clerk.

G. A specific date or period of time may be assigned as a final date for the filing of motions, exceptions, and dilatory pleas and obtaining a hearing or submission date thereon in those cases deemed appropriate by the Judge.

## Rule 3.18 Continuances:

A. Trial settings, whether or not made at a Docket control conference, will take into consideration the schedule of all attorneys/parties in charge.

B. An attorney, who fails to notify the Court of a known conflict in scheduling at the time the case is set, shall be precluded from seeking a continuance at a later time on the grounds of such conflict, including vacation conflicts.

C. Any known ground for continuance of the trial setting shall be presented to the Court at least 14 days prior to the trial setting or at the pre-trial conference, if any, whichever shall occur first, or shall be waived.

D. Upon granting a motion for continuance, the order granting such motion for continuance shall contain an order resetting the case for trial.

## Rule 3.19 Complex Case Designation:

The Court may at any time, in the interest of Justice, determine that the case is complex or recognize the circumstance which, upon its declaration or order, will classify the case as complex and thereafter the Court will invoke such standards as it believes are necessary to safeguard the rights of litigants to the just processing of the cases, pursuant to Rule 7 a.16 of the Rules of Judicial Administration of the Supreme Court of Texas and Section 72.002 and 74.024 c (1) of Gov. Code.

## Rule 3.20 Alternate Dispute Resolution:

In order to encourage the early settlement of disputes and to carry out the responsibilities of the Courts set out in Chapter 154 of the Civil Practice and Remedies Code, appropriate alternative dispute resolution procedures will be encouraged and utilized.

4

# Rule 3.21  Pre-Trial and Scheduling Conferences:

A.  Pre Trial Procedures

Rule 10(A) of the Rules of Judicial Administration and Rule 166 of the Texas Rules of Civil Procedure dealing with pre-trial procedures are incorporated herein by reference for all purposes and the following civil pre-trial rules and procedures apply to all civil cases.

B.  Pre-Trial Conference

1.  A pre-trial conference may be held at the request of the Court or of any parties in charge.
2.  If the pre-trial conference is set at the request of a party, it shall be held no later than ten days prior to the date set for trial, unless the Court, on timely request of one or more parties in charge, orders otherwise, or the Court on its own motions sets the Pre-Trial Conference within 10 days of the trial date.

C.  Docket control orders and conferences

1.  Docket control orders may be entered by the Court that are submitted by agreement, made on the Court's own motion or as a result of a Docket control conference.  Such order when entered shall control the subsequent course of action, unless later modified by the Court.
2.  Docket Control orders shall be required by the Court. The parties will be expected to submit an Agreed Docket Control order, the terms of which are established in consultation with the Court Coordinator concerning dates.
3.  A request for a Docket control conference must contain a certificate that a good faith effort was made to reach agreement so that an Agreed Docket Control order could be submitted.

D.  Telephone Docket Control conference

1.  The Docket control conference may be held by telephone with approval of the Court.
2.  A party requesting that the Docket control conference be held by telephone shall be responsible for arranging the conference call on the date and time scheduled by the Court Coordinator.

E.  Purpose of Docket Control Conference

1.  The Docket control conference shall be conducted informally, and shall be for the purpose of the following:  becoming acquainted with the nature of the case and the issues presented; determining the probable length of time required for trial; filing of a discovery control plan; fixing deadlines for joinder of additional parties and amendment of pleadings; to consider such other matters and make docket control orders as are necessary and proper under the circumstances in regard to handling of the case; and to arrive at a firm trial date or firm pre-trial conference date.

# Rule 3.22  Settlements:

A.  All parties are urged to make a bona fide effort to settle cases at the earliest possible date before trial.
B.  The Court will expect counsel to confer with his client and with opposing counsel concerning settlement and to recommend an offer which is in his professional opinion reasonable, unless in his professional opinion the case is not such as to justify any offer whatsoever.
C.  When a party settles or dismisses a case, which is set for trial, he shall give notice to the Court Coordinator as soon as possible.

# Rule 3.23  Jury Charge Questions and Instructions:

Each party shall prepare in proper written form and present to the Court prior to or at the time of the jury selection, all jury charge questions and instructions which are raised by the pleadings and upon which the party has an affirmative burden.

# Rule 3.24  Certain Discovery Not Filed with the Court:

Discovery Not Filed: The listed discovery shall not be filed with the District Clerk except on special order of the Judge of the Court, unless filed with the original petition.

A.  Discovery materials not to be filed.  The following discovery materials must not be filed with the District Clerk except on special order of the court, unless filed with the original petition:
1.  discovery requests, deposition notices, and subpoenas required to be served only on parties;
2.  responses and objections to discovery requests and deposition notices, regardless on whom the requests or notices were served;
3.  documents and tangible things produced in discovery;

5

4. statements prepared in compliance with Texas Rule of Civil Procedure 193.3 (b) or (d); and
5. certificates of written discovery.

B. Discovery materials to be filed. The following discovery materials must be filed:
   1. discovery requests, depositions notices, and subpoenas required to be served on nonparties; motions and responses to motions pertaining to discovery matters; and
   2. agreements concerning discovery matters, to the extent necessary to comply with Texas Rule of Civil Procedure 11.

C. Exceptions. Notwithstanding paragraph (A)-
   1. the court may order discovery materials to be filed;
   2. a person may file discovery materials in support of or in opposition to a motion or for other use in a court proceeding; and
   3. a person may file discovery materials necessary for a proceeding in an appellate court.

# Rule 4
## Disposition of Family Law and Juvenile Cases
**(All rules for civil cases shall apply to family law cases unless specifically superseded by Local Rule 4.)**

## Rule 4.1   General

All suits authorized under the Family code shall be docketed in County Court at Law No. 1, County Court at Law No. 2, County Court at Law No. 3 and the 306th District Court, filed by order of the 306th Family District Court. These rules shall be applicable to all family law cases filed in Galveston County.

## Rule 4.11 Time Standards for Family Law Case Disposition (per Rules of Judicial Administration):

A. Family Law Cases.
   1. Case Information Statement. Each litigant shall complete a Case Information Statement from the District Clerk's Office which shall set the nature of the case, length of preparation time required, and other relevant data as found necessary by the court.
   2. Contested Family Law Cases. Within 6 months from the appearance date or within 6 months from the expiration of the waiting period provided by the Family code where such is required, whichever is later.
   3. Uncontested Family Law Cases. Within 3 months from the appearance date or within 3 months from the expiration of the waiting period provided by the Family Code where such is required, whichever is later.

B. Juvenile Cases.

   In addition to the requirements of Title 3, Texas Juvenile Justice Code:

   1. All juvenile cases shall be tried before the Juvenile Referee pursuant to Section 54.10 TJJC except the following:
      a. Adjudicatory or Transfer (Waiver) Hearings pursuant to Section 54.02 TJJC (and the following time standards shall apply)
         1. concerning a juvenile in detention facility: Not later than 10 days following admission to such a facility, except for good cause shown of record, and;
         2. concerning a juvenile not in a detention facility: Not later than 30 days following the filing of the petition, except for good cause shown of record.

      b. Jury trials, which shall be tried at the county seat;

      c. Hearings provided by Sections 54.03, 54.04, and 54.05 TJJC shall be conducted by the judge if the grand jury approved a petition under Section 53.045 TJJC, and;

      d. Cases where the child and his/her attorney refuse to waive the hearing by a juvenile judge pursuant to 54.10 (a)(2).

   2. The following time standards shall be met in all cases whether tried by a judge or referee:

6

a. All initial detention hearings shall be heard on the next business day following the admission to the detention facility,

b. All adjudication and modification hearings shall be held:

 1. not later than ten (10) working days after the initial detention hearing if the child is detained pending trial except for good cause shown of record.

 2. not later than thirty (30) days after the initial detention hearing if the child is released from detention pending trial.

c. Disposition Hearing. Not later than 15 days following the Adjudicatory hearing. The Court may grant additional time in exceptional cases that require more complex evaluation.

3. Nothing herein shall prevent a judge from recessing a juvenile hearing at any stage of the proceedings where the parties are agreeable or when in the opinion of the judge presiding in the case the best interests of the child and of society shall be served.

C. Complex Cases.

It is recognized that in especially complex cases or special circumstances it may not be possible to adhere to these standards.


## Rule 4.12    Juvenile Disposition Provisions:

No provision is made in these rules for the disposition of juvenile cases other than as set out above, since juvenile cases are heard by the 306th Family District Court, and the County Courts. Rules for the disposition of juvenile cases will be adopted by the aforementioned courts.


## Rule 4.13    Financial Information Statements:

A. All parties to any Divorce, Suit Affecting Parent Child Relationship, Modification or other case involving conservatorship, periods of possession or child support or spousal support shall file with the Clerk and all counsel and pro se parties prior to any trial or hearing in which support, finances, attorney's fees or the payment of any sort of expense is at issue, a Financial Information Statement and the two most recent pay stubs from all current employers. Compliance with this rule may be by the completion of a Financial Information Statement in the form attached as Exhibit A to these Rules. Counsel are responsible for accuracy and timeliness.

B. In all family law cases involving divorce, Suit Affecting Parent Child Relationship, modification or other case involving conservatorship, periods of possession or child support or spousal support, the following shall be included in all orders granted ex parte setting a hearing on temporary orders involving any support or setting a hearing on support modification:

*All parties to this action shall file with the Clerk and deliver a copy to all counsel or pro se parties a Financial Information Statement (FIS), and two most recent pay stubs from all current employers.*

C. The Clerk shall attach a copy of the Financial Information Statement form attached as Exhibit A to these Rules to each Notice of Temporary Hearing or Citation on Modification which is served on a party and shall furnish a copy of same to each counsel or pro se party not served with the Order.

D. Each Financial Information Statement shall be signed by the party. Counsel and parties are encouraged to prepare the Financial Information Statement in such manner that it can be presented as evidence in lieu of direct testimony. Counsel and parties are encouraged to offer the same as evidence in such proceedings.

E. All parties are required to file a Financial Information Statement as set out in these rules. Failure of either party to file a Financial Information Statement may result in the court adopting as stipulated the information filed by the complying party. The non-complying party may be prohibited from contesting the accuracy of the information presented by the complying party. If both parties fail to comply with these rules, the court may strike the case from the docket or continue the case.

7

## Rule 4.14      Mandatory Disclosure of Financial Information:

A.      Temporary Orders. In any hearing for temporary orders in which child support or spousal support is an issue, the parties shall, without waiting for a discovery request, provide to the opposing counsel or pro se party prior to the start of the hearing, Financial Information Statements, two most recent pay stubs from all current employers, copies of income tax returns for extensions for the past two years (including all schedules, forms W-2 and 1099 filed with the returns) and copies of W-2 and 1099 for the prior year if a tax return has not yet been filed. A party who is self employed shall also provide the balance sheet and income statement for his or her business for the prior year and most recent month or period for which such reports have been prepared.

B.      Final Hearings. The parties shall, without waiting for a discovery request, provide to the opposing counsel or pro se party at least seven days before the start of final trial the following documents:
     1.      The documents described in Rule 4.14(A) and a Financial Information Statement in any case in which property division, attorney's fees, child support or spousal support is at issue;
     2.      The most recent account statements pertaining to any retirement, IRA or 401k account and any account with any financial institution including, but not limited to, banks, credit unions, brokerage firms and savings & loans in any case in which property division is at issue;
     3.      The most recent statements for any credit cards, loans or debts in any case in which property division is at issue; and
     4.      A child support calculation in any case in which child support is at issue.

C.      Failure to provide the above financial information may result in sanctions and/or exclusion of documents and information that should have been provided.


## Rule 4.15      Inventory and Appraisement:

A.      Each party shall file a sworn inventory and appraisement by the later deadline set out in the docket control order or other order of the court, with a copy being filed with the clerk and furnished to all opposing counsel and pro se parties. The sworn inventory and appraisement of all property shall contain statements regarding both separate and community property of the parties, including any property belonging to children of the parties.

B.      The failure to timely file such inventories and appraisement, may, in addition to sanctions provided by law, result in the continuance of temporary alimony and/or support or the discontinuation of same, or dismissal of the case for want of prosecution, or the values and statements of the party filing same be taken as true with no evidence in opposition thereto being admitted.

C.      In the event the parties file a written agreement completely settling the property division of the parties to such action and all custody and support matters, it shall not be necessary to file such inventories and appraisements.


## Rule 4.16   Request for Relief and Proposed Property Division:

A.      The parties shall provide to the opposing counsel or pro se party at least seven days before the start of final trial a detailed request for relief which sets forth in brief, summary form the affirmative relief each party is requesting.

B.      In any case in which property division is at issue, the parties shall provide to the opposing counsel or pro se party at least seven days before the start of final trial a proposed property division.


## Rule 4.2   Ex Parte Restraining Orders and Protective Orders:

## Rule 4.21 Ex Parte Restraining Orders

A.    In any application for a temporary restraining order, any portion of the requested restraining order that deviates from the verbatim language of a standard temporary restraining order shall be printed in bold typeface of at least 12 point size and shall be brought to the court's attention.

B.    Except upon good cause shown, all standard temporary restraining orders shall be mutual and restrain all parties to a suit.

C.    In all cases where there is counsel of record, or if petitioner's counsel is aware of any attorney representing the opposing party, the party filing for an ex parte restraining order or protective order or an extension of an ex parte order is required to notify opposing counsel prior to the filing thereof so opposing counsel may present any objections to the Court.

D.    Except in emergency situations wherein immediate orders are necessary, all ex parte restraining orders may be filed with the clerk who shall transport the files for signature each day at 10:00 a.m. and 2:00 p.m. Settings shall be faxed by the court coordinator to the parties the day the order is presented for signature. If at all possible, the court coordinator shall accommodate the settings requested by an attorney or pro se party, by attachment thereto.

## Rule 4.22 Protective Orders

Except as otherwise provided by law, ex parte protective orders shall be granted only when presented by attorney accompanied by client.

## Rule 4.23 Ex Parte Orders Regarding Children

No ex parte order shall restrain a parent from having access to that person's child (ren) except upon affirmation showing that the interest of the children require such restraint.

## Rule 4.24 Temporary orders:

A.    Hearings on Temporary Orders and other matters assigned by the referring court shall be heard by the Associate Judge.

B.    Settings on Temporary Orders shall be made through the court coordinator of the referring court. The amount of time allotted for each such hearing shall be at the discretion of the Associate Judge.

C.    No record of such hearing shall be made unless a court reporter is provided by a party to the suit.

D.    All temporary orders shall be filed with the Clerk of the Court within twenty one (21) days from the rendition unless otherwise directed by the Court or the case shall be subject to dismissal. The entry date and time shall be set by the Associate Judge. The party directed to draft the order based on the Associate Judge's ruling shall provide a draft of the order to all opposing counsel and pro se parties at least five (5) days before the entry date. The parties shall, before the entry date, either submit through the clerk an order approved by all counsel of record and pro se parties or notify the court coordinator of the referring court that an entry hearing will be required on the date and time already set for the entry.

E.    If a timely request for de novo hearing of the associate judge's ruling is filed, there shall be no entry date and no order shall be submitted to the court until after the request for de novo hearing is resolved.

## Rule 4.4 Status Conferences:

Status Conferences shall be scheduled at 4:00 p.m. on the Thursday approximately one hundred twenty (120) days from the date of the filing of a suit and shall be handled via facsimile (see attached form for report on the status of the case).

## Rule 4.5 Final Hearings:

## Rule 4.51 Docket Control Orders:

A docket control order shall be issued by the Court upon request of one or more parties. Final hearing shall not be requested unless the other parties have been properly served and/or their appearance has been made. In any event, after the status conference date has passed, the Court may issue an appropriate docket control order.

## Rule 4.52    Pre-Trial Conferences:

Generally, pretrial conferences shall be held at 10:00 a.m. on the Friday preceding the trial setting. Counsel and pro se parties must appear unless they certify, in writing, that all pretrial requirements have been met.

## Rule 4.53    Parenting Seminar:

In all cases in which the conservatorship, rights and duties or possession of a child is at issue, the parties shall attend the parenting seminar "For Kid's Sake" or the equivalent thereof at their own expense and file proof thereof with the court and send a copy to the opposing party prior to the first mediation session. The seminar is not required in a termination case or a suit for adoption. A party who has recently attended the parenting seminar may move the court for a waiver of the requirement to attend the seminar as long as proof of the prior attendance is filed with the court in the pending action. Failure to attend the seminar may result in a fine and may cause delay in the trial of the case or limitation of visitation privileges as well as an increased child support obligation to the party failing to comply. Information on registration for such programs is available at the Galveston County Law Library. . A Court may, upon proper motion accompanied by a Financial Information Statement, waive or reduce the fee for the parenting seminar sponsored by the Mediation Board of Galveston County.

## Rule 4.54    Alternative Dispute Resolution:

A.   In all cases, prior to trial or by the date set forth in the Docket Control Order the parties shall engage in mediation at their own expense, or if they are unable to afford mediation, they may make application for subsidized mediation through the Galveston County Law Library as approved by the Galveston County Mediation Board prior to attending the mediation.

B.   Mediation is required prior to trial in all cases unless a party objects by filing a motion and , at the request of a party, a hearing is held and  the Court orders that mediation is not required. If, after a hearing in accordance with Sections 6.602(d) and 153.0071(f) of the Texas Family Code, the Court refers a case to mediation, the Court shall order appropriate measures to ensure the physical and emotional safety of the party who filed the objection.

C.   All mediators shall have completed basic 40 hour mediation training and advanced family 24 hour mediation training.  All mediators of Galveston County cases are subject to performing three (3) pro bono and/or subsidized mediations per year for Galveston County lawsuits.

## Rule 4.6      Other Matters:

## Rule 4.61    Uncontested Matters:

The 306th District Court holds an uncontested docket Monday through Friday at 8:30 a.m. unless posted otherwise on the web page. A party should contact the District Clerk the day before you want to appear and request that the Clerk bring the court's file to the courtroom.

## Rule 4.62    Default Judgments:

No default judgments in cases involving children or substantial real or personal property shall be granted without proof of attempted notice of final hearing to the opposing party.

## Rule 4.63    Exhibits:

All exhibits shall be premarked prior to beginning of hearing or trial, including hearings on temporary orders.

## Rule 4.64     Continuances:

No continuances shall be granted, in any case, except upon good cause shown, in writing, signed by the attorneys and the clients and approved by the Court, and in accordance with T.R.C.P. Rule 251.

## Rule 4.65     Dead Week:

10

The week of the Advanced Family Law Course (usually in August) shall be a dead week for family law.

## Rule 4.66    Entry Date:

Entry date for all final orders and decrees is no later than 30 days post hearing at 8:30 a.m. unless granted an extension by the Court. Failure to appear may subject a case to be dismissed for want of prosecution. Generally, relief will not be granted until the entry of the final order. The party/counsel drafting the orders shall have the proposed orders to the opposing party/counsel at least five (5) business days prior to the entry hearing.

# Rule 5
# Collections

The Galveston County Commissioners Court has established a Collections Department to aid in the collection of restitution, fines, fees and costs due on criminal judgments ordered in the courts of Galveston County. All defendants with judgments in non-probation cases and who are not ordered to jail to serve time, are required to report in person to the Collections Department to make payment. All defendants owing restitution, fines, fees and/or costs in non-probation cases and who are not ordered to jail to serve time, and who are unable to pay the judgment in full on the date of judgment, are required to report to the Collections Department on the date of judgment and make application for an extension of time to pay the balance. If approved, the Extension of Time Pay Agreement shall provide for payment of the balance in equal monthly installment payments providing the final payment is not to exceed 90 days from the date of judgment; or as determined by the Collection's Supervisor.

The Collections Department is considered an extension of the court and the defendant is not released on the date of judgment until such time as the Extension of Time to Pay Agreement is completed. Defendants who fail to report to the Collections Department on the date of judgment to pay in full or establish a written payment agreement are subject to arrest for collection of the judgment due in full.

# Rule 6
# Criminal Cases

## Rule 6.10    Filings/Return of Indictments:

Assignment of Cases After Indictments

A. Except as otherwise provided in this Article, the Clerk shall randomly assign every criminal case filed by indictment pending on or filed after December 31, 1992 to the 10th, 56th, 122nd, 212th and 405th District Court.

B. After random assignment, the Clerk shall assign any new indictment against a defendant to the Court having a lower pending cause number on that same defendant.

C. The Clerk shall assign any re-indictment of the same cause to the same Court in which the prior indictment was assigned.

D. The Clerk, after random assignment of an indictment to a Court shall assign any co-defendant(s) subsequently indicted to the same Court in which the first co-defendant's indictment was assigned.

E. The Criminal District Attorney shall note on a non-substantive part of the indictment the following information:

1. whether there are other pending indicted causes on the defendant; whether the indictment is a re-indictment, and;

2. the names of any Co-defendants.

F. When it is made known to the Clerk that a defendant intends to enter a plea of guilty to a felony information pursuant to a plea bargain agreement, the Clerk shall file the felony information in the Court assigned to conduct initial appearances provided that if a defendant waives his right to indictment and enters a plea of not guilty to a felony information, then the felony information shall be assigned according to subsections A, B, and D of Rule 6.11.

G. The Clerk shall file any motion to revoke probation or any post-conviction application for writ of habeas corpus in the Court having granted probation or entered the Judgment in the case. A person accused of a felony in custody in the Galveston County Jail should be taken before the Local Administrative District Judge or a Judge designated by him for the accused's initial appearance on or before the third business day following his receipt at the jail. The purpose of the initial appearance shall be to present the accused before the District Court at the earliest practicable time for the possible disposition of his case before indictment (whether by plea of guilty, dismissal, or no charges filed), for his formal arraignment or magistration if required by law, for setting or reducing his bail, for appointment of counsel, and for such other preliminary matters as may aid the prompt disposition of the case.

H. In the event that a new General Jurisdiction District Court is created by law, then that court shall have criminal cases randomly filed in that court in the same manner as prescribed by Subsection A.

## Rule 6.10.1 Attorneys

A. Appointments – Attorneys wishing to receive appointments for criminal cases in the District Courts shall file any necessary documents as set forth in the Galveston County Indigent Defense Plan.
B. Appointed counsel must immediately report any change in the status of their license to practice law in the State of Texas to the Office of Justice Administration and to the Court in which they are representing any client by virtue of a court appointment.
C. The phrase "the Court" or "trial court" as set forth in Tx. Code Crim. Pro. Art. 1.051 shall refer to the elected judge of that Court, any visiting judge to the Court, or any magistrate designated by the Court for the purpose of performing the court's duties as set forth in that article.

## Rule 6.10.2 Docket

A. Felony jail docket is held each day at a time and place set by the Court. The Court may, at the Judge's discretion, make use of the audio/video technology for the purpose of accepting misdemeanor pleas or uncontested matters. In such cases, it is required that the audio/video feed send two-way signals in order to provide that the defendant and the Judge are both visually and verbally able to communicate with each other. In addition, the audio/video signal received by the Court must be in a room open to the public, except in those specific cases where the Judge has ruled to close the proceedings.

## Rule 6. 11  Motion - Pre - Trial Hearings/Pre - Trial Matters:
A. Each Court shall determine its own settings for pre-trial and trial.
B. All pre-trial motions, including motions in limine, must be filed by the set deadline, if any, unless an extension of time is granted by the Court for good cause shown.
C. Each pre-trial motion that is set for hearing must succinctly state the relief sought, the facts pertinent to the motion, and supporting argument with authorities; must be signed by counsel and, where required, by the defendant; must be sworn to when require; must contain a certificate of service and consultation with opposing counsel and a statement that the matter raised in the motion was not resolved, or if no consultation was accomplished, an explanation thereof; must contain a notice the motion will be presented to the Court at the pretrial hearing with or without evidence; and must contain a proposed order granting or denying the motion in full or in part.
D. The Court may refuse to consider any pretrial motion that fails to comply with these rules.
E. Motions for continuance, whether by the State or Defendant, must comply with the applicable law contained in the Code of Criminal Procedure and must be presented to and considered by the Court on or before the Friday before the scheduled trial date, unless approved by the Court.
F. Except for good cause shown, the Court shall not consider any motion for continuance on the scheduled trial date.
G. Criminal cases are to be filed, docketed, assigned, and processed pursuant to Rule 3 hereof when not in conflict with specialized setting rules.

## Rule 7
## Jury Management

## Rule 7.10   Jury Plan:

The Galveston County Jury Plan III and Addendum, approved by the Commissioners Court and entered in the Minutes on February 25, 1981 and July 7, 1982, respectively, and the Galveston County Jury Plan V, approved by Commissioners Court and entered in the Minutes on February 28, 2007, is on file in the District Clerk's office.

## Rule 7.11   Impaneling Juries:

The Local Administrative District Judge, or a Judge designated by him, shall preside over the qualification of petit jurors and the assignment of jury panels to the various courts.

## Rule 8
### Judges vacations, absences and disqualification

## Rule 8.10     Vacations:

The Judge of each Court shall receive thirty days vacation time each year. Notice of vacation periods shall be provided to the Local Administrative District Judge and the District Clerk in advance. Judicial conferences and educational events are official duties and not to be considered as vacation; but notice shall be provided as above.

## Rule 8.2     Voluntary Recusal

After voluntary recusal by a presiding judge, the Local Administrative Judge shall reassign the case to another local judge, whenever possible. If the Local Administrative District Judge, for good cause, is unable to reassign the case to another local judge, the Local Administrative District Judge shall refer the case to the Presiding Judge of the Administrative Region.

## Rule 8.2.1     Assignment of Case

After assignment of a judge, the case may be transferred in accordance with local rules, unless the court in which the case is pending has continuing exclusive jurisdiction. In the event the court has continuing exclusive jurisdiction, the case must remain in the referring court with the assigned judge sitting for the referring court.

## Rule 8.2.2     Decline to Recuse

If the Presiding Judge declines to recuse, the Presiding Judge shall be subject to Texas Rules of Civil Procedures 18a and the Rules of the Second Administrative Judicial Region of Texas and must sign an order referring the case to the Presiding Judge of the Local Region. The Presiding Judge shall forward the order, along with the motion and all opposing and concurring statements to the Presiding Judge of the Local Region..

## Rule 9

### Media Rules of the District Courts

Pursuant to Rule 18c(a) of the Texas Rules of Civil Procedure, the following Rules govern the recording and broadcasting of court proceedings before the District Courts of Galveston County, and their Masters (Associate Judges) and Referees.

## Rule 9.1     Policy:

The policy of these rules is to guarantee a just, fair, equitable and impartial adjudication of the rights of the litigants and allow an opportunity for electronic coverage of public civil court proceedings to facilitate the free flow of information to the public concerning the judicial system and to foster better public understanding about the administration of justice. These rules are to be construed to maintain the dignity, decorum, and impartiality of the court proceeding, while at the same time providing the greatest access possible.

## Rule 9.2     Definitions:

Certain terms are defined for purposes of these rules as follows:

**9.2.1** "Court" means the particular judge or master who is presiding over the proceeding.

**9.2.2** "Electronic media coverage" means any recording or broadcasting of court proceedings by the media using television, radio, photographic or recording equipment.

**9.2.3** "Media" or "media agency" means any person or organization engaging in news gathering or reporting and includes any newspaper, radio or television station or network, news service, magazine, trade paper, in-house publication, professional journal, or other news reporting or news gathering agency.

## Rule 9.3  Electronic Media Coverage Permitted:

In each case, whether to allow electronic media coverage is at the discretion of the trial judge and the trial judge shall determine the appropriate scope of electronic media coverage permitted, if any.

**9.3.1** Objections by any party to such scope of electronic media coverage shall be presented to the trial court for ruling.

## Rule 9.4  Electronic Media Coverage Prohibited:

**9.4.1** Electronic media coverage of proceedings held in chambers, proceedings closed to the public, jury selection, and jury deliberation is prohibited.

**9.4.2** Conferences between an attorney and client, witness or aide, between attorneys, or between counsel and the court at the bench shall not be recorded or received by sound equipment.

**9.4.3** The restrictions and prohibitions in these rules may be waived by the express consent of the parties and all affected persons, with the approval of the court.

## Rule 9.5  Equipment and Personnel:

**9.5.1** One television camera, one audio recording machine, and one still photographer are permitted. In appropriate circumstances, the court in it's discretion may allow an unmanned second camera in the courtroom.

**9.5.2** Equipment shall not produce distracting sound or light. Signal lights or devices which show when equipment is operating shall not be visible. Moving lights, flash attachments, or sudden lighting changes shall not be used.

**9.5.3** Existing courtroom sound and lighting systems shall be used without modification unless the court specifically approves modification.

**9.5.4** Operators shall not move equipment while the court is in session, or otherwise cause a distraction. All equipment shall be in place in advance of the commencement of the proceeding or session that is the subject of the coverage.

**9.5.5** Media personnel operating outside the courtroom shall not create a distraction and shall withdraw whenever necessary to avoid restricting movement of persons passing through the courtroom door.

**9.5.6** Media logos or proprietary trademarks shall not be displayed on camera, microphones, other equipment used in court, or clothing or name tags on personnel.

## Rule 9.6  Delay of Proceedings:

14

No proceeding or session will be delayed or continued for the sole purpose of allowing media coverage. Upon request, the court will inform media agencies of settings and will attempt to make the courtroom available in advance for the purpose of installing equipment.

## Rule 9.7        Pooling:

If more than one media agency of one type wish to cover a proceeding or session, they shall make pool arrangements. If they are unable to agree, the court may deny all electronic media coverage by that type of media agency, or may designate one agency or one representative as pool coordinator, specifying such other conditions of pool coverage as may be necessary.

## Rule 9.8        Official Record:

Films, videotapes, photographs or audio reproductions made in court proceedings shall not be considered part of the official court record.

## Rule 9.9        Enforcement:

A violation of these rules by electronic media may be sanctioned by appropriate measures, including, without limitation, barring the particular person or agency from access to future electronic media coverage of proceedings in that courtroom for a defined period of time.

## Rule 10

## CONFLICTING ENGAGEMENTS OF ATTORNEYS

## Rule 10.1  Attorney Already in Trial in Another Court

10.1.1    Attorney already in trial in another Court. It is the duty of the attorney to notify the Court through its coordinator when the potential for this situation arises or when an attorney set for trial starts trial in another court.    When an attorney set for trial starts in another Court, the attorney shall notify the Court when and where assigned. Where and when assigned will be verified upon request of the opposing Party. The attorney shall have a continuing duty to keep the Court informed when release is anticipated and when it occurs. The case will be place on "hold" or reset, depending upon when the attorney will be released.

10.1.2    If the attorney is not actually in trial as represented by the attorney or agent, the case will be tried without further notice.

## Rule 10.2  Attorney Assigned in Two Courts for the Same Date:

10.2.1    It is the duty of the attorney to call the affected Judge's attention to all dual settings as soon as they are known.

10.2.2    Insofar as practicable, Judges should attempt to agree on which case has priority, otherwise the following priorities shall be observed by the Judges of the respective courts:

10.2.2.1 Criminal Cases
10.2.2.2 Cases given preference of Statute
10.2.2.3 Preferentially set cases
10.2.2.4 Felony Criminal Cases
10.2.2.5 Case set at earliest date
10.2.2.6 Case with earliest filing date
10.2.2.7 Courts in metropolitan County areas should yield to Courts in rural County areas in all other instances of conflicting settings
10.2.2.7 In the event of unresolved conflict between two judges, the issue will be decided by the Local Administrative Judge(s) if in Galveston County, or the Regional Presiding Judge.

# Rule 11
## Attorneys

### Rule 11 Attorney Vacations:

Each Attorney who desires to assure himself a vacation for a period not to exceed four weeks may do so automatically by designating the four weeks, in writing, addressed and mailed or delivered to the District Clerk, the County Clerk, and each court in which counsel practices thirty days in advance, except that in the event an attorney already has a setting at the time the vacation notice is filed, there is no automatic assurance, and a motion for continuance needs to be filed and a ruling obtained. If the attorney who files a vacation letter has previously agreed to a jury trial setting that is during the time period covered by the vacation notice, the Court is not required to grant a continuance.

# Rule 12
## ELECTRONIC FILING OF COURT DOCUMENTS

## PART 1. GENERAL PROVISIONS

### 12.1.1 Purpose

These rules govern the electronic filing and service of court documents, by any method other than fax filing, in Galveston County. These rules are adopted pursuant to Rule 3a of the Texas Rules of Civil Procedure and may be known as the "Galveston County Local Rules of the District Courts Concerning the Electronic Filing of Court Documents."

### 12.1.2 Effect on Existing Local Rules

These rules are adopted in addition to any other local rules of the district courts in Galveston County. These rules do not supersede or replace any previously adopted local rules. These rules are in addition to current local rules regarding electronic court documents (fax filing).

### 12.1.3 Electronic Filing Optional Unless Ordered by Court

(a) Except as provided by subsection (b) below, the electronic filing and serving of court documents is wholly optional.

(b) Upon the motion of a party and for good cause shown, a district court may order the parties in a particular case to electronically file and serve court documents that are permitted to be electronically filed under Rule 3.3.

## PART 2. DEFINITIONS

### 12.2.1 Specific Terms

The following definitions apply to these rules:

(a) "Convenience fee" is a fee charged in connection with electronic filing that is in addition to regular filing fees. A Convenience Fee charged by the Clerk will be

considered as a court cost.

(b) "Clerk" means the District Clerk of Galveston County.

(c) "Digitized signature" means a graphic image of a handwritten signature.

(d) "Document" means a pleading, plea, motion, application, request, exhibit, brief, memorandum of law, paper, or other instrument in paper form or electronic form. The term does not include court orders.

(e) "Electronic filing" is a process by which a filer files a court document with the Clerk's office by means of an online computer transmission of the document in electronic form. For purposes of these rules, the process does not include the filing of faxed documents which is described as the "electronic filing of documents" in Section 51.801, Government Code.

(f) "Electronic filing service provider (EFSP)" is a business entity that provides electronic filing services and support to its customers (filers). An attorney or law firm may act as an EFSP.

(g) "Electronic order" means a computerized, non-paper court order that a judge signs by applying his or her digitized signature to the order. A digitized signature is a graphic image of the judge's handwritten signature.

(h) "Electronic service" is a method of serving a document upon a party in a case by electronically transmitting the document to that party's e-mail address.

(i) "Electronically file" means to file a document by means of electronic filing.

(j) "Electronically serve" means to serve a document by means of electronic service.

(k) "Filer" means a person who files a document, including an attorney.

(l) "Party" means a person appearing in any case or proceeding, whether represented or appearing pro se, or an attorney of record for a party in any case or proceeding.

(m) "Regular filing fees" are those filing fees charged in connection with traditional filing.

(n) "Rules" are the Galveston County Local Rules of the District Courts concerning the Electronic Filing of Documents.

(o) "Traditional court order" means a court order that is on paper.

(p) "Traditional filing" is a process by which a filer files a paper document with a clerk or a judge.

### 12.2.2 Application to Pro Se Litigants

The term "counsel" shall apply to an individual litigant in the event a party appears pro se.

## PART 3. APPLICABILITY

### 12.3.1 Scope

(a) These rules apply to the filing of documents in all non-juvenile civil cases, including cases that are appeals from lower courts, before the various district courts with jurisdiction in Galveston County.

(b) These rules apply to the filing of documents in cases before the various district courts referred to in paragraph (a) above that are subsequently assigned to associate judges or any other similar judicial authorities.

### 12.3.2 Clerks

These rules apply only to the filing of documents with the District Clerk. These rules do not apply to the filing of documents directly with a judge as contemplated by TEX. R. CIV. P. 74.

### 12.3.3 Documents That May Be Electronically Filed

(a) A document that can be filed in a traditional manner with the district clerk may be electronically filed with the exception of the following documents:

| | |
|---|---|
| i) | citations or writs bearing the seal of the court; |
| ii) | returns of citation; |
| iii) | bonds; |
| iv) | subpoenas; |
| v) | proof of service of subpoenas; |
| vi) | documents to be presented to a court in camera, solely for the purpose of obtaining a ruling on the discoverability of such documents; |
| vii) | documents sealed pursuant to TEX. R. CIV. P. 76a, and; |
| viii) | documents to which access is otherwise restricted by law or court order, including a document filed in a proceeding under Chapter 33, Family Code. |

(b) A motion to have a document sealed, as well as any response to such a motion, may be electronically filed.

### 12.3.4. Documents Containing Signatures

(a) A document that is required to be verified, notarized, acknowledged, sworn to, or made under oath may be electronically filed only as a scanned image.

(b) A document that requires the signatures of opposing parties (such as a Rule 11 agreement) may be electronically filed only as a scanned image.

(c) Any affidavit or other paper described in Rule 12.3.4(a) or (b) that is to be attached to an electronically–filed document may be scanned and electronically filed along with the underlying document.

(d) Where a filer has electronically filed a scanned image under this rule, a court may require the filer to properly file the document in a traditional manner with the Clerk. A third party may request the court in which the matter is pending to allow inspection of a document maintained by the filer.

## PART 4. FILING MECHANICS

### 12.4.1 Texas.gov

(a) Texas.gov is a project of the Department of Information Resources Board, a state entity charged with establishing a common electronic infrastructure through which state agencies and local governments may electronically send and receive documents and required payments.

(b) To become registered to electronically file documents, filers must follow registration procedures outlined by Texas.gov. The procedure can be accessed from Texas.gov's website at www.Texas.gov

(c) Filers do not electronically file documents directly with the Clerk. Rather, filers indirectly file a document with the Clerk by electronically transmitting the document to an electronic filing service provider (EFSP) which then electronically transmits the document to Texas.gov which then electronically transmits the document to the Clerk. A filer filing or serving a document must have a valid account with an EFSP and with Texas.gov

(d) Consistent with standards promulgated by the Judicial Committee on Information Technology (JCIT), Texas.gov will specify the permissible formats for documents that will be electronically filed and electronically served.

(e) Filers who electronically file documents will pay regular filing fees to the Clerk indirectly through Texas.gov by a method set forth by Texas.gov.

(f) An EFSP may charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees.

(g) Texas.gov will charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees and will be in an amount not to exceed the amount approved by the Department of Information Resources Board.

(h) The Clerk may charge filers a convenience fee to electronically file documents. This fee will be in addition to regular filing fees, credit card fees, or other fees.

### 12.4.2 Signatures

19

(a) Upon completion of the initial registration procedures, each filer will be issued a confidential and unique electronic identifier. Each filer must use his or her identifier in order to electronically file documents. Use of the identifier to electronically file documents constitutes a "digital signature" on the particular document.

(b) The attachment of a digital signature on an electronically-filed document is deemed to constitute a signature on the document for purposes of signature requirements imposed by the Texas Rules of Civil Procedure or any other law. The person whose name appears first in the signature block of an initial pleading is deemed to be the attorney in charge for the purposes of Texas Rules of Civil Procedure 8, unless otherwise designated. The digital signature on any document filed is deemed to be the signature of the attorney whose name appears first in the signature block of the document for the purpose of Texas Rules of Civil Procedure 13 and 57.

(c) A digital signature on an electronically-filed document is deemed to constitute a signature by the filer for the purpose of authorizing the payment of document filing fees.

## 12.4.3 Time Document is Filed

(a) A filer may electronically transmit a document through an EFSP to Texas.gov 24 hours per day each and every day of the year, except during brief periods of state-approved scheduled maintenance which will usually occur in the early hours of Sunday morning.

(b) Upon sending an electronically-transmitted document to a filer's EFSP, the filer is deemed to have delivered the document to the clerk and, subject to Rule 12.4.3(h), the document is deemed to be filed. If a document is electronically transmitted to the filer's EFSP and is electronically transmitted on or before the last day for filing the same, the document, if received by the Clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time. A transmission report by the filer to the filer's EFSP shall be prima facie evidence of date and time of transmission.

(c) On receipt of a filer's document, the filer's EFSP must send the document to Texas.gov in the required electronic file format along with an indication of the time the filer sent the document to the EFSP and the filer's payment information. Texas.gov will electronically transmit to the filer an "acknowledgment" that the document has been received by Texas.gov. The acknowledgment will note the date and time that the electronically-transmitted document was received by Texas.gov.

(d) Upon receiving a document from a filer's EFSP, Texas.gov shall electronically transmit the document to the Clerk. If the document was not properly formatted, Texas.gov will transmit a warning to the filer's EFSP.

(e) Not later than the first business day after receiving a document from Texas.gov, the Clerk shall decide whether the document will be accepted for filing. The Clerk shall accept the document for filing provided that the document is not misdirected

and complies with all filing requirements. The Clerk shall handle electronically-transmitted documents that are filed in connection with an affidavit of inability to afford court costs in the manner required by TEX. R. CIV. P. 145. If the clerk fails to accept or reject a document within the time period, the document is deemed to have been accepted and filed.

(f) If the document is accepted for filing, the Clerk shall note the date and time of filing which, with the exception of subsection (h) below, shall be the date and time that the filer transmitted the document to the filer's EFSP. The Clerk shall inform Texas.gov of its action the same day action is taken. Texas.gov shall, on that same day, electronically transmit to the filer's EFSP a "confirmation" that the document has been accepted for filing by the district clerk. The EFSP will electronically transmit the confirmation to the filer. This confirmation will include an electronically "file-marked" copy of the front page of the document showing the date and time the Clerk considers the document to have been filed.

(g) If the document is not accepted for filing, the Clerk shall inform Texas.gov of its action, and the reason for such action, the same day action is taken. Texas.gov shall, on that same day, electronically transmit to the filer's EFSP an "alert" that the document was not accepted along with the reason the document was not accepted. The EFSP will electronically transmit the alert to the filer.

(h) Except in cases of injunction, attachment, garnishment, sequestration, or distress proceedings, documents that serve to commence a civil suit will not be deemed to have been filed on Sunday when the document is electronically transmitted to the filer's EFSP, Texas.gov, or the Clerk on Sunday. Such documents will be deemed to have been filed on the succeeding Monday.

## 12.4.4 Filing Deadlines Not Altered

The electronic filing of a document does not alter any filing deadlines.

## 12.4.5 Multiple Documents

(a) Except as provided by subsection (b) below, a filer may include only one document in an electronic transmission to Texas.gov.

(b) A filer may electronically transmit a document to Texas.gov that includes another document as an attachment (e.g., a motion to which is attached a brief in support of the motion).

## 12.4.6 Official Document

(a) The Clerk's file for a particular case may contain a combination of electronically-filed documents and traditionally-filed documents.

(b) The Clerk may maintain and make available electronically-filed documents in any manner allowed by law.

## 12.4.7 E-mail Address Required

In addition to the information required on a pleading by TEX. R. CIV. P. 57, a filer must include an e-mail address on any electronically-filed document.

## 12.4.8 Document Format

(a) Electronically-filed documents must be computer-formatted as specified by Texas.gov. Electronically-filed documents must also be formatted for printing on 8 ½-inch by 11-inch paper.

(b) An electronically-filed pleading is deemed to comply with TEX. R. CIV. P. 45.

## PART 5. SERVICE OF DOCUMENTS OTHER THAN CITATION

## 12.5.1 Electronic Service of Documents Permissible

(a) In addition to the methods of serving documents (other than the citation to be served upon the filing of a cause of action) set forth in TEX. R. CIV. P. 21a, a filer may serve documents upon another party in the case by electronically transmitting the document to that party at the party's email address. Service in such a manner is known as "electronic service," and is permissible in the circumstances set out in paragraph (b) below.

(b) Documents may be electronically served upon a party only where that party has agreed to receive electronic service or where the court has ordered the parties to electronically serve documents.

(c) By virtue of electronically filing a document or serving a document or by agreeing to accept service, a filer additionally agrees to provide information regarding any change in his or her e-mail address to Texas.gov, the district clerk, and all parties in the case.

(d) A party who electronically files a document is not required to electronically serve documents upon other parties unless the court has ordered the parties to electronically serve documents.

(e) A filer may electronically serve a document in instances where the document is traditionally filed as well as in instances where the document is electronically filed.

## 12.5.2 Completion of Service and Date of Service

(a) Electronic service shall be complete upon transmission of the document by the filer to the party at the party's e-mail address.

(b) Except as provided by subsection (c) below, the date of service shall be the date the electronic service is complete.

(c) When electronic service is complete after 5:00 p.m. (recipient's time), then the date of service shall be deemed to be the next day that is not a Saturday, Sunday or legal holiday.

## 12.5.3 Time for Action After Service

Whenever a party has the right or is required to do some act within a prescribed period of time after service of a document upon the party and that document is electronically served, then three days shall be added to the prescribed period of time.

## 12.5.4 Certification of Service

(a) Documents to be electronically served upon another party shall be served before the time or at the same time that the document is filed.

(b) A filer who electronically serves a document upon another party shall make a written certification of such service that shall accompany the document when that document is filed. The written certification shall include, in addition to any other requirements imposed by the Texas Rules of Civil Procedure, the following:

> (i) the filer's e-mail address or telecopier (facsimile machine) number;

> (ii) the recipient's e-mail address;

> (iii) the date and time of electronic service; and

> (iv) a statement that the document was electronically served and that the electronic transmission was reported as complete.

## PART 6. ELECTRONIC ORDERS AND VIEWING OF ELECTRONICALLY-FILED DOCUMENTS

## 12.6.1 Courts Authorized to Make Electronic Orders

(a) A judge may electronically sign an order by applying his or her digitized signature to the order. Judges are not required to electronically sign orders.

(b) Upon electronically signing an order, the judge shall electronically forward the order to the Clerk who may treat the electronic order as the official copy of the order. Alternatively, the Clerk may print the electronic order and treat the printed order as the official copy of the order.

(c) The Clerk may electronically scan a traditional court order. The scanned court order may then serve as the official copy of the court order. The Clerk is not required to electronically scan traditional court orders in order to create official electronic court orders. Electronic scanning of traditional court orders is at the option of the district clerk.

## 12.6.2 Viewing of Electronically-filed Documents

(a) The Clerk shall ensure that all the records of the court, except those made confidential or privileged by law or statute, may be viewed in some format by all persons for free.

(b) Independent of the Texas.gov system and the requirement of viewing access described in subsection (a), the Clerk may choose to provide for both filers and the general public to electronically view documents or court orders that have been electronically filed or scanned. Where such provision has been made, persons may electronically view documents or court orders that have been electronically filed or scanned.

(c) Nothing in this rule allows for the viewing of documents or court orders, in any form, that are legally confidential (e.g., papers in mental health proceedings) or otherwise restricted by judicial rule or order.

## PART 7. MISCELLANEOUS PROVISIONS

## 12.7.1 Assigned Court to Resolve Disputes

In the event a dispute should arise involving the application of these rules or various electronic filing issues, a district court assigned in accordance with local assignment procedures shall decide any dispute.

## 12.7.2. Rule Guiding Interpretation.

These rules shall be liberally construed so as to avoid undue prejudice to any person on account of using the electronic filing system or sending or receiving electronic service in good faith.

## Rule 13
## Adoption, Amendment, Notice

## Rule 13. 10

These rules may be amended by majority vote of the District Judges, provided:

A.  that any proposed rule or amendment shall not be inconsistent with rules adopted by the Supreme Court of Texas or with any rule of the Administrative Judicial District in which the Court is located, and;
B.  any proposed rule or amendment shall not become effective until it is submitted and approved by the Supreme Court of Texas, and;
C.  any proposed rule or amendment shall not become effective until at least thirty days after its publication in a manner reasonably calculated to bring it to the attention of attorneys practicing before the court or courts for which it is made, and;
D.  all rules adopted and approved in accordance herewith are made available upon request to members of the Bar and the public.

## Rule 14
## Electronically Transmitted Court Documents
## (FACSIMILE)

## Rule 14.10     Receiving and Filing

The following rules govern the procedure for the District Clerk of Galveston County ("the clerk") to receive and file electronically transmitted court documents.

A. The clerk is authorized to accept for filing via electronic transmission any document which might be filed in a court action except: (a) returns of service on issuances; (b) bonds; (c) signed orders or judgments. As of July 19, 1990, by order of the Supreme Court of Texas, facsimile transmission of judicial assignments may be accepted with original copies being retained by the Office of the Chief Justice or Administrative Judicial Region.

B. Documents electronically transmitted for filing will be received by the clerk on a plain paper facsimile and printed by a laser printer, thereby rendering the copy of archival quality. No document printed on thermal paper shall be filed.

C. No document electronically transmitted shall be accepted by the clerk for filing until court costs and fees have been paid. Court costs and fees may be paid through an escrow account established with the clerk. Documents tendered to the clerk electronically without payment of court costs and fees, or with incomplete information on the charge authorization or request, or which do not conform to applicable rules, will not be filed.

D. A fee schedule for electronic filing shall be adopted annually by the clerk and approved by the local courts.

E. An electronically transmitted document accepted for filing will be recognized as the original record for file or for evidentiary purposes when it bears the clerk's official date and time file stamp.

F. Every document electronically transmitted for filing shall conform to the requirements for filing established by the Texas Rules of Civil Procedure, i.e., shall be on paper measuring approximately 8-1/2 x 11 inches, shall be signed individually by the party or the party's attorney of record, and shall contain that individual's State Bar of Texas identification number, if any, address, telephone number and telecopier number. The quality of the original hard copy shall be clear and dark enough to transmit legibly.

G. The sender shall maintain the original of the document with original signature affixed as required by section 51.806, Texas Government Code.

H. A cover sheet must accompany every transmission which shall: (a) clearly identify the sender, the documents being transmitted, and the number of pages; (b) have clear and concise instructions concerning the issuance or other request; and (c) have complete information on the charge authorization or escrow account debit for court costs and fees.

I. The clerk, upon receipt of an electronically transmitted document, shall verify the completeness of the transmission.

J. The clerk, when satisfied that the transmission is complete, shall confirm the charge authorization or escrow account debit and note the authorization code on the cost receipt. Thereafter, the documents tendered electronically shall be deemed accepted for filing and the clerk shall affix the clerk's official date and time file stamp to the document.

K. If the transmission is found to be incomplete or court costs or fees, if required, are not paid, the clerk will notify the sender as soon as practicable that the transmission has not been filed and the reason.

L. After filing an electronically transmitted document the clerk will electronically transmit to the sender an acknowledgment of the filing, together with cost receipt, if any.

M. No citation or writ bearing the official seal of the court may be transmitted electronically.

N. Electronic transmission of a document does not constitute filing. Filing is complete when the clerk's official date and time stamp is affixed to the document.

O. Each page of any document received by the clerk will be automatically imprinted with the date and time of receipt. The date and time imprinted on the last page of a document will determine the time of receipt but not time of filing. Transmissions completed during a normal business day before 5:00 p.m. and accepted for filing will be filed the day of receipt. Transmissions completed after 5:00 p.m., on weekends or holidays will be verified and filed before 10:00 a.m. on the first business day following receipt of transmission. The sender is responsible for determining if there are any charges in normal business hours.

# Rule 15
# Ad Litem Appointments

**Rule 15.1**

Pursuant to Section 74.092 of the Government Code, the Local Administrative Judges shall establish and maintain a list of all attorneys qualified to serve as an attorney ad litem. The list of attorneys ad litem maintained under Subsection (a)(11) must contain the names of all attorneys who: (1) meet any statutory or other requirements to serve as an attorney ad litem; and (2) have registered to serve as attorney ad litem with a court for which the judge maintaining the list serves as local administrative judge. Application for inclusion to the Galveston County Ad Litem list should be made on the form approved by the Local Administrative Judges and available through the Office of Justice Administration of Galveston County.

## Adoption

Upon approval by a majority vote of the District Judges of Galveston County, and subject to approval by the Supreme Court of Texas, these rules shall become effective May 01, 2011 and so long thereafter until amended, repealed or modified by order of the District Courts. All existing Local Rules previously governing the management of the Court dockets shall be repealed on the effective date of these rules. Each numbered or lettered paragraph of these rules shall be considered to be separate and distinct from all other portions hereof, and if any portion should be declared by a higher Court to be improper, such declaration will not affect any other portion not so declared to be improper.

The District Clerk is directed to furnish a copy of these rules to the Supreme Court of Texas, pursuant to Rule 3a of the Texas Rules of Civil Procedure, and to record these rules in the Civil Minutes of the 10th, 56th, 122nd, 212th, 306th and 405th District Courts.

Adopted this the ___ day of April, 2011 to become effective on May 01, 2011 or upon approval by the Supreme Court of Texas, whichever is later.

Hon. David E. Garner
10th Judicial District Court

Hon. Lonnie Cox
56th Judicial District Court

Hon. John Ellisor
122nd Judicial District Court

Hon. Janis Yarbrough
306th Judicial District Court

Hon. Susan Criss
212th Judicial District Court

Hon. Wayne Mallia
405th Judicial District Court

This document filed with JASON MURRAY, District Clerk of Galveston County, Texas on the _20_ day of April, 2011.

JASON E. MURRAY
CLERK DISTRICT COURT
FILED

APR 20 2011

GALVESTON COUNTY, TEXAS
BY_____ DEPUTY

26

# FINANCIAL INFORMATION STATEMENT

**of** _____

**Cause No.** _____

| HUSBAND / FATHER | | WIFE / MOTHER |
|---|---|---|
| | Employer | |
| Paid every _____ | Paid | Paid every _____ |

| | | |
|---|---|---|
| | Monthly Net Pay | |
| | Other Income | |
| | Child Support | |
| | Spousal Support | |
| | Total Net Income | |

| HUSBAND | | WIFE |
|---|---|---|
| | Housing for Husband | |
| | Housing for Wife | |
| | Property Taxes | |
| | Homeowner's Insurance | |
| | Flood Insurance | |
| | Windstorm Insurance | |
| | Electricity | |
| | Nat. Gas | |
| | Water | |
| | Cable TV | |
| | Telephone | |
| | Lawn Service | |
| | Food/Groceries | |
| | Entertainment-for Adult | |
| | Entertainment-Child | |
| | Haircuts | |
| | Laundry | |
| | Housekeeper | |
| | Uninsured Medical | |
| | Dental | |
| | Car Insurance | |
| | Auto Loans | |
| | Gas/Oil | |
| | Life Insurance | |
| | Private School | |
| | Lunches/School Supplies | |
| | Clothes-Adult | |
| | Clothes-Child | |
| | Cell Phone | |
| | Pets | |
| | Subscriptions | |
| | Internet Service | |
| | Memberships | |
| | Total Credit Card(s) | |
| | Misc. | |
| | | |
| | | |
| | | |
| | | |
| | Total Expenses | |

**List each credit card**

| Card | Minimum Monthly Payment |
|---|---|
| | |
| | |
| | |
| | |

| | **Monthly Cash Flow** | |
|---|---|---|

**Ready Cash** List non-retirement accounts or cash in your name or control. Attach additional pages if needed.

| Financial Institution | Type of Account | Balance |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Signature: X** _____ **Date:** _____